Rube Sims, Plaintiff in Error,

*v.*

State, Defendant in Error.

(*Nashville,* December Term, 1960.)

Opinion filed July 26, 1961.

Hugh W. Stanton, William E. Cleaves, Public Defenders, Memphis, for plaintiff in error.

Walker T. Tipton, Assistant Attorney General, for the State.

MR. JUSTICE SWEPSTON delivered the opinion of the Court.

Rube Sims, hereinafter called defendant, was indicted for murder in a two-count indictment, the first being under T.C.A. sec. 39-2401 and the second count being under sec. 39-2402 for killing committed in the perpetration of robbery. He was convicted under the second count and sentenced to death by electrocution. He has appealed and assigned only one error, which is as follows:

"The trial judge erred in permitting the officer, N. E. Zachary, to read a statement taken from the defendant relative to his intent to perpetrate a robbery on the Daugherty-Liddell truck and of his intention in the contemplated robbery to kill the driver. This was error because it was highly prejudicial, was immaterial and bore on some other crime and had no relation to the crime in issue. Whether or not the defendant had contemplated robbing the Daugherty-Liddell truck and killing the driver could have no evidential value as to whether or not he killed the deceased in the instant proceeding."

The argument in support of this assignment is as follows. Referring to *Mays v. State,* 145 Tenn. 118, 238 S.W. 1096, in which the general rule and the seven excep-

tions are stated, counsel eliminates all as being clearly inapplicable except criminal intent or motive. Counsel then cites *Farmer v. State*, 201 Tenn. 107, 296 S.W.2d 879, for the ruling that in a prosecution for murder under T.C.A. sec. 39-2402 it is unnecessary for the State to prove intent to kill and that, therefore, the admission of this evidence to show such intent was unnecessary, improper and prejudicial.

In our opinion, there are two fundamental errors in this argument. (1) If the evidence was admitted for the purpose of showing intent, it was relevant under the first count of the indictment and, therefore, it was admissible even if prejudicial and even though he was not eventually convicted under the first count. (2) The evidence was admissible as tending to prove a plan or scheme to obtain money by murder.

Counsel relies heavily on *Kinchelow v. State*, 24 Tenn. 1 (1844). We think, however, that the facts bring the case within the discussion and ruling made in *Jones v. State*, 1955, 200 Tenn. 553, 292 S.W.2d 767, in which we referred to that case and others relevant to the subject and pointing out the distinction between the two lines of cases.

In the instant case, the defendant made a statement to the police which was taken down and put in typewritten form, in which he said in substance that he was "balled up" in debt and had to have some money; that he stole a pistol from the home of an acquaintance with the intention of holding up the Daugherty-Liddell truck because he knew the driver brought out payroll checks every Thursday morning and "I was aimin to take the checks from him, make him sign his name on ten

$100.00 checks and then kill him and get the rest of it and go to the whisky store and cash them but I missed him.''; that he knew Mattie and Sylvester Austin kept money in their home because he had been there from time to time and that because he had missed the Daugherty-Liddell truck on Thursday morning he decided to go to Sylvester Austin's home on Friday morning; that he **went there** when he knew Sylvester would be away, went in and had Sylvester's wife Mattie, the deceased, fix him something to eat, then drew the gun on her and made her give him some money and when he was satisfied that he had gotten all that she had, he took his pocket knife and cut her throat, severing the jugular vein and waited there until she died so that he could be sure she could not testify against him; that he left the pistol on the floor in the blood and put a handkerchief over it so the police could not take fingerprints and left the knife also; that he took the money and gave it to his girl friend.

We think that this shows a preconceived plan to obtain money by the process of robbery and then murder or murder and robbery as it may be.

Counsel in reading *Jones v. State,* supra, will find that the only difference in the factual situation between that case and the instant case is that in the latter case the murder and robbery were not committed, but that does not detract from the force of the argument that it was part of the plan. Also, in the Woodruff case cited therein will be found a statement commencing at the bottom of page 535 of the official report [*Woodruff v. State,* 164 Tenn. 530, 51 S.W.2d 843, at page 844] that commences with this sentence: ''On the previous day they had agreed to embark together on a career of robbery under the

leadership of Woodruff. On the night in question they first possessed themselves of an automobile by robbery, at the point of a pistol, and then, having reinforced their arsenal of three pistols with the sawed-off shotgun, they proceeded together to the robbery of a store in East Nashville, and thence to the store where Mulvihill was killed. In each of the two store robberies the procedure was the same. * * *"

Accordingly, we must affirm the judgment below but we wish to commend counsel for their diligence in the presentation of this appeal. The defendant will be committed to the Warden of the State Penitentiary and executed as the law directs on Friday, September 29, 1961.

All concur.