# CHARLES EDWARD PRUITT, Plaintiff in Error, v. STATE OF TENNESSEE, Defendant in Error.

## 460 S.W.2d 385.

Court of Criminal Appeals of Tennessee. July 27, 1970.

Certiorari Denied by Supreme Court Nov. 2, 1970.

J. W. Dietzen (on appeal only), Chattanooga, for plaintiff in error.

David M. Pack, Atty. Gen., Robert H. Roberts, Asst. Atty. Gen., Nashville, John Seymour, Asst. Dist. Atty. Gen., Chattanooga, for defendant in error.

## OPINION

OLIVER, Judge.

Charles Edward Pruitt, the defendant below, indigent and represented there and here by court-appointed counsel, was convicted in the Criminal Court of Hamilton County for (1) burglarizing an automobile, for which he was sentenced to imprisonment in the penitentiary for three years, and (2) as an habitual criminal, for which he was sentenced to life imprisonment in the penitentiary. Unsuccessful in his motion for a new trial, he is now before this Court upon appeal in the nature of a writ of error duly perfected.

The presentment was in four counts, the first charging that the defendant "feloniously and burglariously" broke into and entered a specified automobile with the intent to commit larceny and stole a described revolver therefrom, the second with receiving the revolver knowing it to have been stolen and with the intent to deprive the owner thereof, the third with concealing the same revolver with like knowledge and intent, and the fourth count charged him with being an habitual criminal.

In the trial, the court followed the procedure set forth

in Harrison v. State, 217 Tenn. 31, 394 S.W.2d 713, conducting a separate trial under the habitual criminal count after concluding a trial upon the first three counts of the presentment, during which knowledge of the habitual criminal count and proof of prior convictions were withheld from the jury. The Court said in *Harrison:*

"It results and we so hold, it is prejudicial error to allow knowledge or evidence of previous convictions, enhancing the penalty upon conviction of the present crime, to be placed before the jury prior to their determination of defendant's guilt or innocence of the present crime."

In his first Assignment of Error the defendant contends, as he did in his motion for a new trial, that during the trial upon the first three counts of the presentment the trial court erroneously admitted testimony showing commission of a separate unrelated crime by the defendant. A summary of the material evidence is necessary to place this question in proper perspective.

About five or six days after Mr. John Voris Williams' .38 caliber Smith & Wesson revolver was stolen from the glove compartment of his automobile, the defendant accosted the manager and the owner of a super market as they were returning from the bank with $20,000 in cash for the store's operation and, with a drawn revolver held partially under his coat, forced them back into the car which they had just parked in the store's parking area. He got in the back seat and ordered the manager to drive as he directed. The police were alerted by someone who observed this occurrence, as a result of which the license number of the automobile and a de-

scription of it and its occupants were broadcast by police headquarters to all mobile units, and in a very short time a number of police cars intercepted the automobile. Pursuant to the defendant's instructions to tell the police that he was a store employee and that everything was all right, the store manager replied to a policeman's query about what was going on by saying, "Not anything." Not satisfied with that response, the policeman required all of them to get out of the car and submit to a search. Seeing that the defendant no longer had a gun, the store manager told the police that he had had one, whereupon, the police searched the rear seat area of the automobile where the defendant had been seated, and under some clothing found Williams' stolen revolver, which he identified shortly thereafter and at the trial by its serial number. The defendant did not testify or introduce any evidence in this phase of the trial.

The State's case against the defendant was based wholly upon circumstantial evidence, the circumstance of his possession and use of the revolver recently stolen from the owner's car. The defendant's first complaint is the admission of testimony that he attempted to rob the grocery store operators, a separate and unrelated crime not charged in the presentment.

The rule governing admissibility of evidence of other crimes not charged in the indictment is so well established that it is common knowledge in the legal profession, and has been reiterated and applied in a great variety of factual contexts by the Supreme Court of this State. The Court said in McGowen v. State, 221 Tenn. 442, 427 S.W.2d 555:

"* * * Proof in a criminal prosecution which tends

to show that the accused is guilty of the commission of other crimes and offenses is generally incompetent and inadmissible for the purpose of proving the commission of the particular crime charged. 29 Am.Jur.2d 366 (Evidence, § 320); Liakas v. State (1956) 199 Tenn. 298, 286 S.W.2d 856. There are, however, numerous exceptions to this rule. For example, evidence may be introduced of other crimes or acts of misconduct to show (1) motive, (2) guilty knowledge, (3) intent, or (4) identity. Caruthers v. State (1966) [219] Tenn. [21] 406 S.W.2d 159; Sykes v. State (1903) 112 Tenn. 572, 82 S.W. 185. See also McCormick on Evidence (1954), § 157; 29 Am.Jur. 2d 369-378 (Evidence, §§ 321-326)."

The case of Liakas v. State, 199 Tenn. 298, 286 S.W.2d 856, was one in which the defendants were convicted of receiving and concealing stolen men's suits, property of Levy Brothers in Nashville. A search of a car in a parking lot (for which one of the defendants had a claim check) disclosed suits stolen from a Memphis store operated by one Daniels, according to his testimony. Rejecting the defendants' contention on appeal that admitting Mr. Daniels' testimony violated the rule prohibiting proof of other crimes, the Court, in an opinion by former Chief Justice Burnett, said this:

"In 20 Am.Jur., page 287, Sec. 309, Evidence, the following very sound and general rule is thus stated:

" 'A person, when placed upon trial for the commission of an offense against the criminal laws, is to be convicted, if at all, on evidence showing his guilt of the particular offense charged in the indict-

ment against him. It is a well-established common-law rule that in criminal prosecution proof which shows or tends to show that the accused is guilty of the commission of other crimes and offenses at other times, even though they are of the same nature as the one charged in the indictment, is incompetent and inadmissible for the purpose of showing the commission of the particular crime charged, unless the other offenses are connected with the offense for which he is on trial.'

"This rule has many well recognized exceptions as is said by the annotator of 125 A.L.R. at page 1036:

" 'Thus, evidence of other crimes may be admissible for purposes of identifying the defendant, or for establishing a mental state, such as guilty knowledge, motive, or intent on the part of the defendant, or for establishing a common scheme or plan for the commission of several crimes so related to each other that proof of one tends to establish the others.' "

In Carroll v. State, 212 Tenn. 464, 370 S.W.2d 523, the defendant was convicted of raping Mrs. Carroll. Mrs. Sneed, who lived in the second apartment down the hall from Mrs. Carroll, was permitted to testify that the defendant criminally assaulted her. On appeal the defendant assigned admission of this testimony as prejudicial error. The Court affirmed in an opinion by Mr. Justice Felts, wherein it is said:

"Defendant assigns error upon the admission of the testimony of Mrs. Edna Sneed 'as to the facts and things that went on in her apartment, wherein she

alleged that the defendant made a criminal assault on her.' It is urged that this was evidence of other and independent crimes which did not elucidate or tend to prove defendant's guilt of the charge upon trial, and was, therefore, inadmissible and highly prejudicial to him.

"We have many cases in which we have discussed the question of the admissibility of evidence of other crimes than that for which the accused is on trial. We need not undertake to review them. Some of the more recent ones are: Sims v. State, 208 Tenn. 615, 348 S.W.2d 293; Jones v. State, 200 Tenn. 553, 292 S.W.2d 767; Harris v. State, 189 Tenn. 635, 227 S.W.2d 8; Woodruff v. State, 164 Tenn. 530, 51 S.W.2d 843; Mays v. State, 145 Tenn. 118, 238 S.W. 1096.

"The general principle to be collected from these, and other authorities, is that evidence of another crime or crimes than that charged in the indictment and for which defendant is on trial, is not admissible unless such evidence is relevant to prove his guilt of that crime. The test of relevancy is furnished not by law, but by logic and general experience (Thayer, Preliminary Treatise on Evidence (1898), 264-266). Morgan, Basic Problems of Evidence (1961), 183-194; Trautman, Logical or Legal Relevancy—A Conflict in Theory, 5 Vand.L.Rev. 385, 403-410.

"It is generally agreed that evidence of other crimes by defendant is not admissible merely to prove his disposition to commit such a crime as that on trial; but such evidence is admissible when it is relevant to

prove some other material issue on trial; for instance, when it tends to establish (1) motive; (2) intent; (3) absence of mistake or accident; (4) a common scheme or plan for commission of two or more crimes so related to each other that proof of one tends to establish the others; and (5) the identity of defendant on trial. Morgan, supra; Harris v. State, supra; Woodruff v. State, supra.

"The question of the admissibility of evidence of other crimes to prove defendant's guilt of the crime on trial underwent elaborate consideration in Mays v. State, supra. There the Court said:

" 'Evidence which is relevant to defendant's guilt is not inadmissible because it proves or tends to prove him guilty of another and distinct crime. It frequently happens that two distinct offenses are so inseparably connected that the proof of one necessarily involves proving the other, and in such a case on a prosecution for one evidence proving it cannot be excluded because it also proves the other. Evidence of another and distinct crime is admissible if it was committed as a part of the same transaction and forms part of the *res gestae*.' "

20 Am.Jur., Evidence, §§ 310 and 312 discuss exceptions to the general rule. In Section 310, at page 289, it is said:

"Exception to, and Limitations on, General Rule.— It is not to be inferred from the rule stated above regarding the inadmissibility of proof of other crimes or offenses that the admission of evidence which shows or attempts to show the commission of an offense other

than the particular one with which the accused is charged must be excluded in all cases and under all circumstances. There are, on the contrary, several well-recognized exceptions to and limitations upon the general rule stated. Evidence of other crimes is always admissible when such evidence tends directly to establish the particular crime, and it is usually competent to prove the motive, the intent, the absence of mistake or accident, a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the others, or the identity of the person charged with the commission of the crime on trial."

In Section 312, pages 292-293, the author deals with the exception respecting identification of the accused:

"Identification of Accused by Proof of Other Crimes. —The general rule that evidence of separate and independent crimes is inadmissible to prove the guilt of a person upon trial for a criminal offense is subject to a well-defined exception with respect to proof of the identity of the accused. The broad rule is that where evidence tends to aid in identifying accused as the person who committed the particular crime under investigation, it is admissible, in spite of the fact that it tends to show that the accused is guilty of other crimes for which he is not on trial. This rule is applied in a wide variety of cases, such as arson, burglary, homicide, larceny, liquor law violations, robbery, and many other instances. It is permissible, in those instances where evidence is admitted of the commission of another similar crime for the purpose of showing identity, for the accused to introduce in

evidence the record of a court showing his trial and acquittal of such other crime.

"It is clear, however, that proof of the commission of another crime is not properly admitted simply for the purpose of identifying the defendant unless it is absolutely necessary to establish identification as an element of the crime. Generally speaking, it is only where the identity of the accused is not definitely connected with the offense on trial that other offenses may be introduced to connect and identify him with the case on trial. If the identity of the accused is established by other evidence and is therefore no longer an issue, it is improper to admit evidence of other crimes on the theory of proving identity. It is necessary also for such evidence to be admissible that there be such a logical connection between the crimes that proof of one will naturally tend to show that the accused is the person who committed the other. However, where the sole issue is the identity of the accused, the evidence on that question by the State may properly be permitted to cover a wide range, and in a measure the rigid rules of evidence will be relaxed."

And our Supreme Court said in Jones v. State, 200 Tenn. 553, 292 S.W.2d 767:

"The rule is also reiterated that evidence that is material and relevant is never rendered incompetent because it may tend to show guilt of another offense, even though such evidence be prejudicial to the defendant."

According to this record, the only time the defendant was seen in possession of the stolen gun was when he

used it in his abortive attempt to rob the two grocerymen. Obviously, the only purpose of showing this attempted robbery was to prove that the defendant was then and there in possession of the recently stolen revolver, and to establish inferentially his identity as the one who burglarized Williams' car and stole his revolver. This was a legitimate purpose, and the evidence was material and relevant and competent.

■ The rules applicable to criminal convictions based upon circumstantial evidence are well known. The law is firmly established in this State that to warrant a criminal conviction upon circumstantial evidence alone, the evidence must be not only consistent with the guilt of the accused but it must also be inconsistent with his innocence and must exclude every other reasonable theory or hypothesis except that of guilt, and it must establish such a certainty of guilt of the accused as to convince the mind beyond a reasonable doubt that he is the one who committed the crime. These rules are well stated in Marable v. State, 203 Tenn. 440, 313 S.W.2d 451:

> "In a circumstantial evidence case of the kind here the evidence is tested by the following rules:
>
> > " '(1) It should be acted upon with caution; (2) all the essential facts must be consistent with the hypothesis of guilt, as that is to be compared with all the facts proved; (3) the facts must exclude every other reasonable theory or hypothesis except that of guilt; (Lancaster v. State, 91 Tenn. 267, 18 S.W. 777) and (4) the facts must establish such a certainty of guilt of the accused as to con-

vince the mind beyond a reasonable doubt that the accused is the one who committed the offense.' Wharton's Criminal Evidence, Vol. 2, pages 1605-1606.

" 'It is not necessary that each particular fact should be proved beyond a reasonable doubt if enough facts are proved to satisfy the jury, beyond a reasonable doubt, of all the facts necessary to constitute the crime charged * * *. Before a verdict of guilty is justified, the circumstances, taken together, must be of a conclusive nature and tendency, leading on the whole, to a satisfactory conclusion and producing in effect a moral certainty that the accused, and no one else, committed the offense.' Wharton, *supra,* pages 1609-1610.

"And:

" 'Weight of circumstantial evidence *is* a question for the jury to determine. The inferences to be drawn from such evidence, and the extent to which the circumstances are consistent with guilt and inconsistent with innocence, are questions primarily for the jury.' Wharton, supra, page 1611."

In Marie v. State, 204 Tenn. 197, 319 S.W.2d 86, the Court said:

"This is a circumstantial evidence case and the rule is well settled that the evidence must be consistent with the guilt of the defendants and inconsistent with their innocence, and sufficiently strong to overcome every other reasonable hypothesis except that of guilt."

Again, in Jamison v. State, 209 Tenn. 426, 354 S.W.2d 252, the Court said this:

"* * * Of course, this evidence standing alone is purely circumstantial. This Court in Smith v. State, 205 Tenn. 502, 327 S.W.2d 308, at page 317 of 327 S.W.2d, and at page 522 of 205 Tenn., quoted from Wharton's Criminal Evidence on the amount or the weight that circumstantial evidence should be given in a criminal case. That quotation is:

" ' "Circumstantial evidence may by itself be sufficient proof of the commission of a crime and sufficient proof on which to base a conviction." * * *

" ' "In the effort to guard against improper verdicts, it is commonly stated that in determining the sufficiency of circumstantial evidence, (1) all the essential facts must be consistent with the hypothesis of guilt, as that is to be compared with all the facts proved; (2) the facts must exclude every other reasonable theory or hypothesis except that of guilt; and (3) the facts must establish such a certainty of guilt of the accused as to convince the mind beyond a reasonable doubt that the accused is the one who committed the offense." '

\* \* \* \* \* \* \* \* \*

"The general rule ordinarily is that the evidence must be such as to remove all reasonable hypothesis other than guilt. This being the applicable rule of law it becomes necessary for the Court in each case to determine upon the facts and circumstances of that case whether or not it is brought within the rule."

The same rule is also stated in Harris v. State, 217 Tenn. 582, 399 S.W.2d 749:

"The rule has been well established in this State that where circumstantial evidence is relied upon for a conviction the essential facts must be consistent with the hypothesis of guilt, and all other reasonable theories or hypothesis except guilt must be excluded by the facts. Marable v. State, 203 Tenn. 440, 313 S.W. 2d 451."

The second Assignment of Error is directed to the court's charge to the jury as follows:

"The presumption from the recent possession of stolen property is that the person in possession is the thief. And if unexplained, either by direct evidence or by attending circumstances, it is taken as conclusive, for the general rule is that a presumption of guilt arises from the possession of the fruits of the crime recently after its commission."

Of course that instruction to the jury was inaccurate. No *presumption* arises from the unexplained possession of recently stolen goods. Instead, that circumstance may warrant an *inference* of guilt. The careless and indiscriminate use of the two terms, presumption and inference, without precise definition and explanation, is a frequent cause of uncertainty and confusion and attendant difficulty. Our Supreme Court has defined those terms with exactitude. In Camper v. State, 187 Tenn. 511, 216 S.W.2d 18, the Court said:

" 'A "presumption" and an "inference" are not the same thing. A "presumption" being a deduction

which the law requires a trier to make; an "inference" is a deduction which the trier may or may not make according to his own conclusions. A presumption is mandatory; an inference permissible.' Cross v. Passumpsic Fiber Leather Co., 90 Vt. 397, 98 A. 1010, 1014.

"See also State v. Godlasky, 47 S.D. 36, 195 N.W. 832, 833, in which it is held that a 'presumption is compulsory and cannot be disregarded by the jury.'"

In 2 Wharton's Criminal Law and Procedure, § 411, pp. 31-33, the rule regarding possession of goods stolen in a recent burglary is stated as follows:

"While the possession of recently stolen goods gives rise to an inference that the possessor has stolen the goods, it is not ordinarily proof or prima facie evidence of burglary. There should be some evidence of guilty conduct besides the bare possession of the stolen property, before the presumption of burglary is superadded to that of the larceny. However, such possession is evidence which may be considered with all the other circumstances of the case as bearing on the question whether the defendant committed the burglary, and there is authority that if the possession is unexplained it may support the conclusion of guilt of burglary. Moreover, when goods have been feloniously taken by means of a burglary, and they are immediately or soon after found in the actual and exclusive possession of a person who gives a false account, or refuses to give any account, of the manner in which the goods came into his possession, proof of such possession and guilty conduct may sustain the

inference not only that he stole the goods, but that he made use of the means by which access to them was obtained."

The same rule is found in 13 Am.Jur.2d., Burglary § 53, p. 354:

"It is always competent to show that property stolen from the premises charged to have been burglarized has recently been in the possession of the defendant or of some third person who is shown to have been concerned in the burglary, or who could have obtained possession of it only from the defendant, provided the burglarious entry has been proved, the goods are identified with reasonable certainty, and the burglary and the larceny are shown to have been parts of the same transaction.

"When such proof has been made, the defendant has the right to explain his possession in order to rebut the unfavorable inference arising therefrom, and if he fails to give a satisfactory account of his possession, the jury may treat his failure as a fact in proof of his participation in the offense."

And in Section 54 of 13 Am.Jur.2d., at pp. 355-356, it is said:

"Mere proof of possession of property recently stolen during the commission of a burglary does not raise a presumption of guilt as a matter of law. But in some jurisdictions proof of recent possession of the fruits of a burglary is regarded as presumptive or prima facie evidence of guilt of the burglary. In others it is not.

"It has been said that the fact of possession is evidence of guilt upon which a conviction may properly

be returned, unless other facts or circumstances in the case are such that, notwithstanding the recent possession, the jury still entertains a reasonable doubt of the defendant's participation in the burglary, and it is in this sense that the words 'presumption' or 'prima facie evidence' must be understood when employed in this connection. Thus the term 'presumption of guilt' must be understood as something which authorizes but does not require conviction. Even though it is said that proof of recent possession of property taken from the premises at the time of the burglary raises a presumption of the defendant's guilt, this seems only to mean that such possession, when established, is a fact from which the defendant's guilt may be inferred, and not that any burden of proof is thereby cast on the defendant. The inference is strong or weak according to the character of the property, the nature of the possession, and its proximity to the time of the theft. In other words, proof of possession is a circumstance which should be left to the jury, with instructions to give it such weight as they think it entitled to, when considered in connection with all the other evidence, in determining the guilt or innocence of the defendant.

"It has also been held that where a breaking, an entering, and a larceny have been committed at the same time by the same persons, and the property or a part of it is shortly thereafter found in the exclusive possession of the defendant, and such possession of the stolen goods is unexplained or falsely denied, this is sufficient to raise an inference that the defendant is guilty of the breaking and entering."

The Supreme Court of Missouri said in State v. Clark, 438 S.W.2d 277:

" 'It has long been the rule that an inference of guilt is permissible from the possession of property recently stolen in a burglary, and the inference exists both as to the burglary and the stealing.' "

See also Peek v. State, 213 Tenn. 323, 328, 375 S.W.2d 863; Smith v. State, Tenn. Crim.App., 451 S.W. 2d 716.

But in this case the defendant confronts as insurmountable obstacle in pressing his complaint here regarding the court's charge. In the first place, the record affirmatively shows that when the trial judge concluded his charge to the jury in this phase of the trial he specifically asked defense counsel whether he had any special request for further instructions to the jury, and he replied, "No, Your Honor."

Not only did defense counsel fail to ask for any additional instruction or amplification or clarification of the charge now complained of, but no complaint about the court's charge was made in the motion for a new trial and the question is raised here for the first time.

Under the settled law of this State, he may not raise these questions and complain about this matter for the first time in this Court. Supreme Court Rules, rule 14(5). In Kirby v. State, 214 Tenn. 296, 379 S.W.2d 780, our Supreme Court stated the rule:

"Questions raised for the first time on appeal will not be considered, or stated in another way, the trial judge will not be put in error upon matters not brought to

his attention for correction in the motion for a new trial. See Ex parte Calhoun, 187 Tenn. 372, 215 S.W.2d 789 (1948); Parker v. Reddick, 196 Tenn. 472, 268 S.W.2d 357, 45 A.L.R.2d 1096 (1954), and Rule 14(5), Rules of this Court, which provides in part:

> 'This is a court of appeals and errors, and its jurisdiction can only be exercised upon questions and issues tried and adjudged by inferior courts, the burden being upon the appellant, or plaintiff in error, to show the adjudication, and the error therein, of which he complains.' "

See also Hancock v. State, Tenn.Crim.App., 430 S.W.2d 892.

In his fourth Assignment of Error the defendant challenges the sufficiency of the evidence to warrant and sustain his conviction of automobile burglary under the first count of the presentment, insisting specifically that the evidence preponderates against that verdict and in favor of his innocence. Considering all the evidence in the light of the law governing appellate review, as we must, the defendant has failed to carry the burden he assumes in this Court by that Assignment of Error. On the contrary, the verdict was fully warranted by the evidence.

After careful examination of the record, we are of opinion and hold that there is no substance or merit in the defendant's third Assignment of Error raising contentions regarding double jeopardy and denial of his right to a speedy trial.

The plea of double jeopardy specifically re-

lated to the third count of the presentment, upon which the defendant was acquitted. There is nothing in the record to show that the defendant ever requested or made any effort to obtain an earlier trial. Moreover, the record shows that the State, acting through the District Attorney General, officially made a conscientious but unsuccessful effort on two separate occasions to have the defendant returned from federal custody for trial.

We come now to the defendant's conviction as an habitual criminal under the fourth count of the presentment. He assails that conviction and sentence in his fourth Assignment of Error upon the basis that the evidence preponderates against that verdict and in favor of his innocence. The fourth count is based upon T.C.A. § 40-2801, which is as follows:

"Persons defined as habitual criminals.—Any person who has either been three (3) times convicted within this state of felonies, not less than two (2) of which are among those specified in §§ 39-604, 39-605, 39-609, 39-610, 39-3708 or 40-7212, or were for a crime punishable by death under existing law, but for which the death penalty was not inflicted, or who has been three (3) times convicted under the laws of any other state, government or country of crimes, not less than two (2) of which, if they had been committed in this state, would have been among those specified in said §§ 39-604, 39-605, 39-609, 39-610, 39-3708 or 40-2712, or would have been punishable by death under existing laws, but for which the death penalty was not inflicted, shall be considered, for the purposes of this chapter, and is declared to be an habitual criminal, provided that petit larceny shall not be counted

as one of such three (3) convictions, but is expressly excluded; and provided, further, that each of such three (3) convictions shall be for separate offenses, committed at different times, and on separate occasions."

The felonies specified in the foregoing statute are as follows:

T.C.A. § 39-604. Assault with intent to commit first degree murder or administering or attempting to give any poison or potion for that purpose.

T.C.A. § 39-605. Assault with intent to rape.

T.C.A. § 39-609. Mayhem.

T.C.A. § 39-610. Malicious shooting or stabbing.

T.C.A. § 39-3708. Abduction of a female from her parents or guardian for the purpose of prostitution or concubinage.

T.C.A. § 40-2712. Crimes of abusing a female child, arson and felonious burning, bigamy, burglary, felonious breaking and entering a dwelling house, felonious breaking into a business house, outhouse other than a dwelling house, bribery, buggery, counterfeiting, violating any of the laws to suppress the same, forgery, incest, larceny, horse-stealing, perjury, robbery, receiving stolen property, rape, sodomy, stealing bills of exchange or other valuable papers, subornation of perjury, and destroying a will.

As the basis of the charge that the defendant was an habitual criminal, it was charged in the fourth count that he had previously been convicted of the following crimes.

"1. On March 30, 1937, he was convicted of Robbery in the Criminal Court of Knox County, Tennessee, being docket number 9979;

2. On March 30, 1937, he was convicted of Robbery, in the Criminal Court of Knox County, Tennessee, being docket number 9999;

3. On September 24, 1951, he was convicted of Transporting in Interstate Commerce a stolen motor vehicle knowing same to have been stolen in violation of Section 2312, Title 18, United States Code in the United States District Court for the Western District of Tennessee, Eastern Division, being docket number 7890;

4. On September 24, 1951, he was convicted of unlawfully knowing and wilfully escaping from the custody of the United States Marshal for the Western District of Tennessee, being docket number 7942;

5. On February 7, 1968, he was convicted of having conspired to commit an offense against the United States by the sale, transfer and delivery of false and counterfeit obligations of the United States, with the intent that the same be used, passed or published as true, then knowing the said obligations were false and counterfeit; in violation of the laws of the United States, Title 18, U.S.C., Sections 371 and 473, being docket number 12,508."

The State introduced certified copies of the Minutes of the respective courts reflecting the defendant's convictions and sentences in those cases.

The crucial question, raised by the defendant in his

testimony in this phase of his trial and in his motion for a new trial and in this Court, is whether at least two of the listed convictions were for crimes proscribed by the enumerated statutes specified in T.C.A. § 40-2801. Unquestionably, transporting a stolen motor vehicle in interstate commerce, and escaping from a United States Marshal, listed as the defendant's third and fourth prior convictions, are not crimes denounced by any of those statutes.

The defendant's earnest insistence is that only one robbery was involved in his Knox County trial on March 30, 1937, instead of the two separate robberies listed as his first and second prior convictions. He also testified to the effect that that robbery conviction was later vacated and he was released in a habeas corpus proceeding which was affirmed by the Supreme Court.

The rule has long since been firmly established in this State that a Court may take judicial knowledge of facts which it has learned in an earlier hearing of the same case and of what it has done at a previous hearing of that case. Carmack v. Fidelity-Bankers Trust Co., 180 Tenn. 571, 177 S.W.2d 351; State ex rel. Wilkerson v. Bomar, 213 Tenn. 499, 376 S.W.2d 451; State ex rel. Brown v. Newell, 216 Tenn. 284, 391 S.W.2d 667; American National Bank v. Bradford, 28 Tenn.App. 239, 188 S.W.2d 971.

In State ex rel. Brown v. Newell, supra, our Supreme Court said:

"It is axiomatic that we may take judicial notice of facts in an earlier proceeding of the same case and our final action thereon. Likewise, we may look to the

record of petitioner's direct appeal to this Court from his original conviction and judgment. State ex rel. Wilkerson v. Bomar, 213 Tenn. 499, 376 S.W.2d 451 (1963)."

Accordingly, we have examined the Supreme Court's opinion disposing of the habeas corpus case referred to by the defendant. In that opinion, written by the late great Chief Justice Green and filed November 29, 1941 in Knoxville, in the case styled Herbert N. Russell, Warden at Petros State Penitentiary v. State ex rel. C. E. Pruett, the Court said:

"This is a habeas corpus petition by which the relator seeks his release from the Petros State Penitentiary. The trial judge sustained the petition and the warden has appealed to this court.

"It appears that there were two indictments found against Pruett for robbery and these cases were heard together in the Criminal Court of Knox County on March 30, 1937. The minute entry recited that by consent of the court the two cases (No. 9979 and No. 9999) were tried together and then proceeded:

'Came the Attorney General for the State, also defendant in custody of the Sheriff, having counsel present and on hearing the indictment read for plea thereto, defendant says that he is guilty of robbery. Thereupon came a jury, to-wit: * * * * * * having heard all the proof in this cause and the charge of the Court, upon their oath do say: to-wit: that for robbery, they fix the punishment of the defendant at five years in the State Penitentiary in each cause, terms of sentence to run consecutively.'

"The judgment then proceeded that the defendant for the offenses of which he stands convicted 'shall undergo confinement at hard labor in State Penitentiary for a period of five years in each of the two causes, which are to run consecutively, from the date of his conviction.'

"Motion for new trial was later overruled and the defendant committed to prison.

"The petition for habeas corpus was filed June 12, 1941. The defendant began serving his term on April 10, 1937. The trial judge, as we understand his ruling, took the view that the above proceedings constituted merely the trial of one case and that there was but one proper judgment or sentence against defendant. That giving the relator proper credit for time for good behavior, the five-year sentence had expired and he was entitled to his release.

"As pointed out by the Attorney General, in so far as the court below undertook to give the relator good time deductions from his sentence and order his release, such action was erroneous. By section 11771 of the Code [T.C.A. § 40-3613], the Commissioner of Institutions is given the power to cause to be released or paroled any prisoner who has served a minimum time provided by law for his offense. A prisoner does not have an absolute right to be released on parole because he has a good conduct record and has served the minimum time. The statute confers upon the Commissioner of Institutions discretion as to the exercise of this power in the interest of public policy. The court went over all this in State ex rel. v. Rim-

mer, 131 Tenn. 316, 174 S.W. 1134, following Woods v. State, 130 Tenn. 100, 169 S.W. 558.

"Five years since relator's commitment does not expire until April 10, 1942. Therefore, under any view of this case, his release prior to that time rests in the discretion of the Commissioner of Institutions. An order, therefore, must be entered remanding him to the custody of that official.

"We are disposed to agree with the court below in the conclusion that the proceedings in the criminal court in 1937 were not effective to impose upon the relator more than one five-year sentence. This is so because of his plea.

"While the judgment recites that two cases were tried together it does not appear that the relator pleaded guilty in both of those cases. We take it his plea was oral but, as preserved in the judgment, the plea runs 'defendant says that he is guilty of robbery.' This may very well mean that defendant intended to plead guilty in one case of robbery and not in two. The court is always cautious about accepting a plea of guilty in a felony case and repudiation of such plea is readily permitted when entered under misunderstanding or by reason of imposition. We think a plea such as was entered by the relator in these two cases should not be construed as a plea of guilty in both cases. His admission was that he was guilty of robbery—not of robberies.

"By the foregoing we do not mean to intimate that two indictments for kindred offenses may not be consolidated and the cases tried together. Just as two

kindred offenses may be joined in separate counts of one indictment.

"We see no reason why separate judgments should be entered in a consolidated case. If the jury finds a defendant guilty under each indictment, it seems to us that a single judgment may be entered imposing distinct sentences upon each verdict. It should, however, distinctly appear that the defendant was arraigned and pleaded to two indictments and, if he pleaded guilty, that he pleaded guilty to both indictments upon which he was arraigned."

The portions of the Minutes of the Knox County Criminal Court quoted in the foregoing Supreme Court opinion correspond exactly with the certified copy of the Minutes of that court introduced by the State in this case. It has thus been judicially determined by the Supreme Court of this State that, as a matter of law, the defendant was convicted of only one robbery in his trial in the Knox County Criminal Court on March 30, 1937.

However, this does not mean that his conviction as an habitual criminal in the instant case is invalid. As noted above, T.C.A. § 40-2712 includes the crimes of counterfeiting and violation of any of the laws to suppress the same. Surely there can be no doubt that conspiring to sell, transfer and deliver "false and counterfeit obligations of the United States, with the intent that the same be used, passed or published as true, then knowing the said obligations were false and counterfeit," in violation of the laws of the United States, the last prior conviction charged against the defendant and proved by the State, is a crime within the contemplation of this State's statu-

tory prohibition against "violation of any of the laws to suppress" counterfeiting. T.C.A. §§ 39-1705—39-1721 constitute this State's laws proscribing and to suppress counterfeiting.

So that, of the defendant's five listed prior convictions, two of them, the one for robbery in the Criminal Court of Knox County on March 30, 1937, and the one in the Federal Court on February 7, 1968 for participating in violation of the counterfeiting laws of the United States, met the requirements of T.C.A. § 40-2801.

The judgment of the trial court is affirmed.

HYDER and DWYER, JJ., concur.