IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs December 3, 2002

## STATE OF TENNESSEE v. SANDRA HOYLE COOPER

**Direct Appeal from the Circuit Court for Madison County**
**Nos. 00-176, 00-808     Roy B. Morgan, Jr., Judge**

—

**No. W2002-01036-CCA-R3-CD  - Filed February 6, 2003**

—

Defendant, Sandra Hoyle Cooper, appeals the trial court's revocation of her community corrections sentence. Defendant received two community corrections sentences of eleven months and twenty-nine days each following two separate convictions for theft and for filing a false police report. While serving her community corrections sentences, Defendant was arrested for aggravated robbery. Following a revocation hearing, the trial court revoked her community corrections sentences and ordered the imposition of her original sentences. Defendant argues that the trial court improperly based its revocation on circumstantial evidence that she committed the offense for which she was arrested. After a careful review of the record, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3, Appeal as of Right; Judgment of the Trial Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which JOE G. RILEY and ALAN E. GLENN, JJ., joined.

George Morton Googe, District Public Defender; and Stephen P. Spracher, Assistant Public Defender; Jackson, Tennessee, for the appellant, Sandra Hoyle Cooper.

Paul G. Summers, Attorney General and Reporter; Elizabeth T. Ryan, Assistant Attorney General; James G. Woodall, District Attorney General; and Jody S. Pickens, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On March 6, 2000, Defendant was indicted by the Madison County Grand Jury for theft of property in an amount less than $500. The indictment alleged that Defendant stole cigarettes from a Kroger store. On September 11, 2000, Defendant pled guilty to the offense and received a sentence of eleven months, twenty-nine days. She was ordered to serve her sentence in the Madison County Community Corrections Program. The trial court also imposed several conditions on her sentence, including that she serve five days in the county jail, pay fines, perform community service work,

maintain full-time employment or provide proof of disability, submit to random drug and alcohol screening, and stay out of all Kroger stores.

Defendant was again indicted by the Madison County Grand Jury on October 2, 2000, for filing a false police report. Defendant pled guilty on November 14, 2000, and the trial court sentenced her to serve eleven months, twenty-nine days in community corrections, with ten days to be served in the county jail. The trial court ordered the sentence to run consecutively to the sentence for her theft conviction and imposed several conditions on her sentence.

On March 1, 2002, the trial court entered an order revoking and immediately reinstating Defendant's community corrections sentence, finding that Defendant violated the conditions of her sentence by failing to pay court costs and fees as directed, failing to report for supervision, and failing to submit to drug testing.

On April 10, 2002, a violation report was filed, alleging that Defendant violated the conditions of her sentences in both convictions by committing an aggravated robbery on March 13, 2002, and by failing to report her arrest for the offense. Following a hearing, the trial court revoked Defendant's community corrections sentences and ordered the imposition of her original sentences to be served by incarceration.

**Standard of Review**

A trial court may revoke a defendant's community corrections sentence and order the defendant to serve his or her sentence in confinement upon a finding by a preponderance of the evidence that the defendant has violated a condition of her sentence. *State v. Harkins*, 811 S.W.2d 79, 82-83 (Tenn. 1991). We review a trial court's decision to revoke a community corrections sentence under the same standard applicable to a revocation of probation, which is abuse of discretion. *Id*. at 82. The trial court abuses its discretion only where the record contains no substantial evidence to support the conclusion of the trial court that a violation of the conditions of probation has occurred. *Id*.; *State v. Gregory*, 946 S.W.2d 829, 832 (Tenn. Crim. App. 1997).

**Revocation Hearing**

Harold Richie testified that he was romantically involved with Defendant for approximately ten years. He testified that on March 13, 2002, Defendant knocked on his door at 3:20 in the morning. Mr. Richie and Defendant talked for a while. He heard a car horn blowing loudly outside. The conversation turned dull. Mr. Richie looked around the room and suddenly felt a blow to his head. Defendant hit him four times with a hammer. While Defendant was hitting Mr. Richie with the hammer, she repeatedly said, "Do you want to have sex with me?" Mr. Richie grabbed Defendant and wrestled her to the floor. He reached for a gun that he kept under his pillow. She hit him close to his temple, almost rendering him unconscious. She grabbed his leg and pulled him to the window. He saw Defendant leave through the window and heard a car drive away. When he regained his senses, he discovered that his wallet containing $525 was missing.

Jaime Hurst, Defendant's community corrections supervisor, testified that Defendant did not contact her to report the arrest for aggravated robbery. Ms. Hurst received a telephone call from Mary Russell, of Western State Hospital, on March 26, 2002, requesting that Defendant be placed in treatment. Ms. Russell did not call to inform Ms. Hurst of Defendant's arrest. Ms. Hurst learned of the arrest only after asking several questions, whereby she discovered that Defendant had been arrested and sent to Western State for observation as a suicide risk.

Defendant admitted failure to report the arrest, testifying that while at Western State, she learned of the allegations, but she was too medicated to call Ms. Hurst herself. She was taken to Western State and was placed on suicide watch after the incident. Defendant testified that she does not remember attacking Mr. Richie or taking his wallet. Defendant testified that she had never had a relationship with Mr. Richie and does not remember ever having sex with him. She testified that she suffers from an "illness," and she "just can't remember anything," and that she takes a lot of medication and sometimes "blacks out." She also testified that she might have been drinking that evening, but she does not remember, and that she owns a hammer, but she does not remember taking it from her house. Defendant testified that she knew about the allegations before she attempted to commit suicide.

The trial court found by a preponderance of the evidence that Defendant failed to report her arrest to her community corrections officer and that Defendant violated the law by committing an aggravated robbery.

Defendant argues that the trial court relied upon circumstantial evidence in determining that she violated the conditions of her sentence. We note that the victim's testimony is direct evidence of Defendant's assaultive behavior, and only the theft element of aggravated robbery was established by circumstantial evidence. Furthermore, Defendant concedes that she failed to contact her community corrections supervisor to inform her of the arrest.

Defendant contends that the offense of aggravated robbery cannot be established by circumstantial evidence alone. Citing *Pruitt v. State*, 3 Tenn. Crim. App. 256, 267, 460 S.W.2d 385, 390 (Tenn. Crim. App. 1970), Defendant argues that the evidence must "exclude every other reasonable theory or hypothesis except that of guilt." That level of proof applies only to criminal *convictions* based upon circumstantial evidence. Proof that a violation of a community corrections sentence occurred need not be beyond a reasonable doubt, and the evidence is sufficient if it shows that the trial court made a conscientious and intelligent judgment on the issue. *Harkins*, 811 S.W.2d at 82.

We conclude that the evidence supports the trial court's finding by a preponderance of the evidence that Defendant violated the conditions of her sentence by committing an aggravated robbery and by failing to report an arrest.

**CONCLUSION**

We affirm the trial court's revocation of Defendant's community corrections sentence and imposition of her original sentence.

_____
THOMAS T. WOODALL, JUDGE