IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs August 8, 2000

## STATE OF TENNESSEE v. FREDERICK PARKS

**Appeal from the Criminal Court for Madison County**
**No. 96-426   Roy B. Morgan, Jr., Judge**

---

**No. W1999-01357-CCA-R3-CD - Filed October 27, 2000**

---

Defendant, Frederick Parks, was found guilty by a Madison County jury of one count of burglary and one count of theft over $500, for which he received consecutive sentences of four years and two years, respectively. The jury also fined the defendant $750, and the trial court ordered the defendant to pay $1500 in restitution. On appeal, the defendant raises two issues: 1) whether the evidence presented at trial was sufficient to support his convictions; and 2) whether the trial court erred by imposing consecutive sentences on the defendant. The judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which DAVID G. HAYES, J. AND JAMES CURWOOD WITT, JR., J., joined.

Clifford K. McGown, Waverly; George Morton Googe, District Public Defender; Stephen P. Spracher, Assistant District Public Defenders, for the appellant, Frederick Parks.

Paul G. Summers, Attorney General and Reporter; Mark E. Davidson, Assistant Attorney General; James G. (Jerry) Woodall, District Attorney General; and Shaun A. Brown, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The defendant, Frederick Parks, was indicted on one count of burglary and one count of theft over $1000. A Madison County jury convicted the defendant of one count of burglary and one count of theft over $500, and fined him $750. The defendant received consecutive sentences of four years and two years, respectively, and was ordered to pay $1500 in restitution. The defendant challenges: 1) the sufficiency of the evidence to support his convictions; and 2) the trial court's imposition of consecutive sentences. We affirm the judgment of the trial court.

## FACTS

In September 1995, the defendant was employed by a temporary employment agency. Through the temporary employment agency the defendant was assigned to work at Jackson Metal Services, Inc. Sometime during the night of September 16, 1995, and the early morning hours of September 17, 1995, Jackson Metal Services, Inc. was burglarized. During the burglary two doors leading inside the building and several desk drawers were pried open. In addition to the damage done to the doors and desk drawers, the office was "ransacked." It was later discovered that several checks and two two-way radios were taken during the burglary. At least one of the checks stolen during the burglary was a payroll check.

Around the time of the burglary the defendant borrowed some money from an acquaintance. In return, the defendant gave the acquaintance an endorsed payroll check drawn by Jackson Metal Services, Inc. and made out to a sales representative employed at Jackson Metal Services, Inc. The defendant told the acquaintance that if he did not return with her money by a certain day she could cash the check. The acquaintance asked if the check was stolen and the defendant replied that it was not. The defendant further stated that the check was given to him by the person the check was made out to. Subsequently, a friend of the acquaintance attempted to cash the check for the acquaintance. When the check was presented to the bank for payment, a records check done by the bank revealed that the check was stolen. The bank retained the check and contacted the police.

The police subsequently talked to the acquaintance and instructed her to contact them when she saw the defendant again. Shortly thereafter, the defendant rented a room from her and the police were notified. The defendant was later arrested.

## SUFFICIENCY OF THE EVIDENCE

The defendant contends that the evidence presented at trial was insufficient to support his convictions for burglary and theft over $500. We disagree.

### Standard of Review

Although the evidence of the defendant's guilt is circumstantial in nature, circumstantial evidence alone may be sufficient to support a conviction. State v. Tharpe, 726 S.W.2d 896, 899-900 (Tenn. 1987); State v. Gregory, 862 S.W.2d 574, 577 (Tenn. Crim. App. 1993). However, in order for this to occur, the circumstantial evidence must be not only consistent with the guilt of the accused but it must also be inconsistent with innocence and must exclude every other reasonable theory or hypothesis except that of guilt. Tharpe, 726 S.W.2d at 900. In addition, "it must establish such a certainty of guilt of the accused as to convince the mind beyond a reasonable doubt that [the defendant] is the one who committed the crime." *Id.* (quoting Pruitt v. State, 460 S.W.2d 385, 390 (Tenn. Crim. App. 1970)).

While following the above guidelines, this Court must remember that the jury decides the weight to be given to circumstantial evidence and that "[t]he inferences to be drawn from such evidence, and the extent to which the circumstances are consistent with guilt and inconsistent with innocence are questions primarily for the jury." Marable v. State, 313 S.W.2d 451, 457 (Tenn. 1958); *see also* Gregory, 862 S.W.2d at 577; State v. Coury, 697 S.W.2d 373, 377 (Tenn. Crim. App. 1985); Pruitt, 460 S.W.2d at 391.

Analysis

At trial the defendant's guilt was established by circumstantial evidence. Testimony was given by one witness that sometime during the night of September 16, 1995, and the early morning hours of September 17, 1995, Jackson Metal Services, Inc. was burglarized. Among the items taken during the burglary was a check in the amount of $122.96 made out to Kevin Robertson, a salesman employed by Jackson Metal Services, Inc. Other checks were also taken in addition to two two-way radios. The same witness also testified that two doors leading into different parts of the building and some desk drawers in the office had been pried open.

Testimony given by a police officer established that the check made out to Kevin Robertson for $122.96 (hereinafter "the check") was recovered on September 21, 1995, after an individual attempted to cash it at a local bank. The police officer further testified that the owner reported that the check had been taken during the September 16 or 17, 1995, burglary.

Another witness, who worked as a bank teller, testified that shortly after the burglary she was working when the check was presented to her for payment. Upon looking through the bank's computer records the witness found that the check had been reported as being stolen. The witness testified that the person who attempted to cash the check was a regular customer at the bank. When police contacted the person who attempted to cash the check she told police that a friend had asked her to take the check to the bank.

The person who asked her friend to take the check to the bank for her also testified against the defendant. This witness testified that she originally received the check from the defendant sometime during September 1995. At trial the witness testified that the defendant gave her the check in return for some money she had lent the him. The witness further testified that the defendant told her she could cash the check if he did not return with her money by a certain day. When the witness asked the defendant if the check was stolen, the defendant said that it was not. The defendant further stated that the person who the check was made out to had given him the check in partial repayment of a debt he owed the defendant. The defendant stated that the person who the check was made out to had done this on prior occasions.

The person who the check was made out to also testified. This witness testified that he did not know the defendant. Further, this witness testified that the endorsement on the back of the check was not his and that he never gave the defendant permission to sign the back of the check.

At trial the defendant testified that he never saw the check before; did not forge the signature on the back of the check; did not give it to anyone to cash; and was innocent of the crimes he was being tried for. The jury obviously did not believe the defendant's testimony. This was the jury's prerogative.

While the evidence presented in this case was purely circumstantial, a jury could have concluded beyond a reasonable doubt that the defendant was the person who committed these crimes. This court will not disturb the jury's findings. This issue is without merit.

## CONSECUTIVE SENTENCES

The defendant contends that the trial court erred by imposing a consecutive sentence. We respectfully disagree.

### Standard of Review

A court may order sentences to run consecutively if the court finds by a preponderance of the evidence that "[t]he defendant is an offender whose record of criminal activity is extensive." Tenn. Code Ann. § 40-35-115(b); *see also* State v. Black, 924 S.W.2d 912, 917 (Tenn. Crim. App. 1995).

### Analysis

An examination of the sentencing record indicates that the trial court considered several enhancing and mitigating factors in sentencing the defendant. One of the enhancing factors the trial court considered was the fact that the defendant was on parole at the time he committed the instant offenses; and (2) the extensive criminal history of the defendant. It is unclear from the sentencing record, however, which of these two the trial court used as its basis for consecutive sentences.

At this point we would pause to reiterate that Tenn. Code Ann. § 40-35-115(b)(6) states that consecutive sentences may be imposed "for an offense committed while on probation." In State v. Pettus, the Tennessee Supreme Court stated that "[parole,] probation and community sentences are alternatives to incarceration, each of which includes suspension of incarceration. But that similarity alone does not allow courts to treat the alternatives as equivalents, ignoring thereby the natural and ordinary meaning of the language used in the statute." State v. Pettus, 986 S.W.2d 540, 544 (Tenn. 1999). The court went on to say "the legislature did not intend [for these] to be equivalents for purposes of consecutive sentencing under Tenn. Code Ann. § 40-35-115(b)(6). Thus, the trial court could not have used the fact that the defendant was on parole when he committed the instant offenses to impose consecutive sentences. Parole and probation are not synonymous for purposes of Tenn. Code Ann. § 40-35-115(b)(6).

A review of the record demonstrates that the defendant has an extensive criminal history. Past convictions of the defendant include: driving with a revoked license; robbery with the use of

a deadly weapon; aggravated burglary; and aggravated rape. Based upon this extensive criminal history it was proper for the trial court to run the sentences consecutively. *See* Tenn. Code Ann § 40-35-115(b)(2). We will not disturb the trial court's imposition of consecutive sentences. This matter is without merit.

## CONCLUSION

We conclude that there was sufficient evidence to support the convictions of the defendant and that the trial court did not err in imposing consecutive sentences. The judgment of the trial court is affirmed.

_____
JOHN EVERETT WILLIAMS, JUDGE