IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 20, 2008

## STATE OF TENNESSEE v. NATHAN JACK CHILDRESS

**Direct Appeal from the Circuit Court for Lincoln County
No. S0600131     Robert Crigler, Judge**

---

**No. M2007-01770-CCA-R3-CD - Fi led June 10, 2008**

---

The defendant, Nathan Jack Childress, was convicted of theft over $1,000, a Class D felony, after taking a dump truck from a construction site during his escape from police custody. He was sentenced to twelve years as a Range III, career offender for this offense. Additionally, he pled guilty to a charge of escape and was sentenced to six years for that offense, with the sentences to run consecutively to one another and to his unfulfilled sentences for a total effective sentence of eighteen years in the Tennessee Department of Correction. On appeal, he contends that the evidence was insufficient to support the verdict. After careful review, we affirm the judgment from the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which DAVID G. HAYES and NORMA MCGEE OGLE, JJ., joined.

Hershell D. Koger, Pulaski, Tennessee, for the appellant, Nathan Jack Childress.

Robert E. Cooper, Jr., Attorney General and Reporter; J. Ross Dyer, Senior Counsel; Charles F. Crawford, Jr., District Attorney General; and Hollyn L. Hewgley and Brooke C. Grubb, Assistant District Attorneys General, for the appellee, State of Tennessee.

**OPINION**

On November 7, 2006, the defendant, who was in custody for a charge of aggravated robbery, escaped through the ceiling of the holding cell. Two witnesses testified that they saw a dump truck run over a security fence and leave a construction site adjacent to their home on the evening of the defendant's escape. The next morning, the witnesses saw that a fence had been torn down and phoned the police. The owner of the dump truck testified that it had been stolen and that the defendant did not have permission to drive the truck.

The police obtained information concerning the defendant's whereabouts in Maury County and staked out the location. The defendant arrived on the scene and was promptly arrested. Police

discovered a set of keys on the defendant, and he acknowledged that the keys belonged to the dump truck. The police took the keys to the location of the dump truck, also in Maury County, and used them to start the vehicle.

Analysis

On appeal, the defendant contends that the evidence in insufficient to support his theft conviction. Specifically, he argues that the evidence against him was wholly circumstantial and that no evidence was presented that he was seen driving the dump truck. However, the facts presented at trial are contrary to the defendant's argument. The testimony at trial demonstrated that the dump truck was stolen from the county in which the defendant escaped and was discovered in the county in which he was apprehended. When he was arrested, he was in possession of the keys to the stolen dump truck. Further, the testimony of the Maury County Sheriff's Detective reflected that the defendant acknowledged that the keys belonged to the stolen dump truck.

When an accused challenges the sufficiency of the evidence, this court must review the record to determine if the evidence adduced during the trial was sufficient "to support the finding by the trier of fact of guilt beyond a reasonable doubt." Tenn. R. App. P. 13(e). This rule is applicable to findings of guilt predicated upon direct evidence, circumstantial evidence, or a combination of direct and circumstantial evidence. State v. Brewer, 932 S.W.2d 1, 18 (Tenn. Crim. App. 1996).

In determining the sufficiency of the evidence, this court does not reweigh or reevaluate the evidence. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). Nor may this court substitute its inferences for those drawn by the trier of fact from circumstantial evidence. Liakas v. State, 199 Tenn. 298, 305, 286 S.W.2d 856, 859 (1956). To the contrary, this court is required to afford the State the strongest legitimate view of the evidence contained in the record, as well as all reasonable and legitimate inferences which may be drawn from the evidence. State v. Elkins, 102 S.W.3d 578, 581 (Tenn. 2003).

The trier of fact, not this court, resolves questions concerning the credibility of the witnesses, the weight and value to be given the evidence, as well as all factual issues raised by the evidence. Id. In State v. Grace, the Tennessee Supreme Court stated that "[a] guilty verdict by the jury, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the State." 493 S.W.2d 474, 476 (Tenn. 1973).

Because a verdict of guilt removes the presumption of innocence and replaces it with a presumption of guilt, the accused has the burden in this court of illustrating why the evidence is insufficient to support the verdict returned by the trier of fact. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982); Grace, 493 S.W.2d at 476.

Circumstantial evidence alone may be sufficient to support a conviction. State v. Tharpe, 726 S.W.2d 896, 899-900 (Tenn. 1987); State v. Gregory, 862 S.W.2d 574, 577 (Tenn. Crim. App.

1993). However, in order for this to occur, the circumstantial evidence must be not only consistent with the guilt of the accused but it must also be inconsistent with innocence and must exclude every other reasonable theory or hypothesis except that of guilt. Tharpe, 726 S.W.2d at 900. In addition, "it must establish such a certainty of guilt of the accused as to convince the mind beyond a reasonable doubt that [the defendant] is the one who committed the crime." Id. (quoting Pruitt v. State, 460 S.W.2d 385, 390 (Tenn. Crim. App. 1970)).

While following the above guidelines, this court must remember that the jury decides the weight to be given to circumstantial evidence and "[t]he inferences to be drawn from such evidence, and the extent to which the circumstances are consistent with guilt and inconsistent with innocence are questions primarily for the jury." Marable v. State, 313 S.W.2d 451, 457 (Tenn. 1958); see also Gregory, 862 S.W.2d at 577; State v. Coury, 697 S.W.2d 373, 377 (Tenn. Crim. App. 1985); Pruitt, 460 S.W.2d at 391.

In Tennessee, we follow the generally approved rule that proof of possession of recently stolen goods, if not satisfactorily explained, gives rise to the inference that the possessor has stolen them. Bush v. State, 541 S.W.2d 391, 394 (Tenn. 1976). The defendant was found in possession of the keys to the stolen dump truck. The dump truck was stolen in Lincoln County on the day he escaped from custody. Further, the dump truck was recovered in Maury County and the defendant was apprehended in Maury County. We conclude that the evidence was sufficient to support his conviction of theft.

## Conclusion

Based on the foregoing and the record as a whole, we conclude that the evidence was sufficient to support the guilty verdict and, accordingly, affirm the judgment from the trial court.

_____
JOHN EVERETT WILLIAMS, JUDGE