# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
Assigned on Briefs May 3, 2016

## STATE OF TENNESSEE v. RONNIE INGRAM

**Appeal from the Criminal Court for Shelby County**
**No. 10-01607      Chris Craft, Judge**

---

**No. W2015-01527-CCA-R3-PC  -  Filed July 20, 2016**

---

The defendant, Ronnie Ingram, appeals his sentencing by the Shelby County Criminal Court to twelve years as a career offender for attempted criminal exposure to human immunodeficiency virus ("HIV"), which was imposed upon remand after this court reduced his original conviction of criminal exposure to HIV, a Class C felony, to attempted criminal exposure to HIV, a Class D felony.  The defendant argues that the trial court erred by relying on facts from the original sentencing hearing in determining that he was a career offender.  Following our review, we affirm the sentencing imposed by the trial court and remand for entry of a corrected judgment to reflect the defendant's conviction offense, which was omitted.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**
**and Remanded for Entry of a Corrected Judgment**

ALAN E. GLENN, J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN and J. ROSS DYER, JJ., joined.

Terrell L. Tooten, Memphis, Tennessee, for the appellant, Ronnie Ingram.

Herbert H. Slatery III, Attorney General and Reporter; Clark B. Thornton, Senior Counsel; Amy P. Weirich, District Attorney General; and Carla Taylor, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

## FACTS

This case arises out of the HIV-infected defendant's deliberately spitting in the face of a Memphis police officer who captured him after the officer interrupted the defendant's burglary of a home. A Shelby County jury convicted the defendant of aggravated burglary, theft of property valued at more than $500 but less than $1,000, criminal exposure to HIV, evading arrest, and resisting arrest. The trial court subsequently sentenced him to a total effective sentence of thirty-two years plus eleven months, twenty-nine days. See State v. Ronnie Ingram, No. W2011-02595-CCA-R3-CD, 2012 WL 5355694, at *1 (Tenn. Crim. App. Oct. 31, 2012).

On direct appeal, this court reversed the criminal exposure to HIV conviction on the basis that there was insufficient proof that the defendant's actions in spitting in the officer's face presented "a significant risk of HIV transmission," one of the essential elements of the offense. Id. at *5. We found, however, that there was sufficient proof to support the defendant's conviction for attempting to expose the officer to HIV. Id. ("Based on the circumstances of (1) the officer's description of the defendant's intentional spitting at the officer, (2) the defendant's statement, accompanying the expectorating, that he was infected with HIV, and (3) the defendant's statement that he hoped the police dog contracted 'AIDS' or HIV from biting the defendant, we hold that the evidence sufficiently established that the defendant, acting with intent to cause a result of exposing the officer to HIV, an element of the greater offense charged, believed the conduct would cause the result without further conduct on his part."). Accordingly, we remanded the case to the trial court for resentencing on that conviction.

At the July 10, 2015 sentencing hearing, the trial court relied on facts presented at the previous sentencing hearing to sentence the defendant as a career offender to twelve years in the Department of Correction, to be served consecutively to the sentences for his other convictions. Thereafter, the defendant filed a timely appeal to this court in which he raises the issue of whether the trial court erred by sentencing him as a career offender.

## ANALYSIS

The defendant argues that the trial court erred in sentencing him as a career offender because the State failed to file a new notice of enhanced punishment or to present any evidence at the new sentencing hearing to support a finding that he had the requisite prior felonies to be classified as a career offender. The State responds by arguing that the defendant was on notice from the first trial of the State's intent to seek

enhanced punishment and that the trial court was entitled to rely in sentencing on its previous findings of fact. We agree with the State.

A career offender is a defendant who has received "[a]t least six (6) prior felony convictions of any classification if the defendant's conviction offense is a Class D or E felony." Tenn. Code Ann. § 40-35-108(a)(3). A defendant who has been found by the trial court "beyond a reasonable doubt to be a career offender shall receive the maximum sentence within the applicable Range III." Id. at § 40-35-108(c).

At the sentencing hearing, the trial court referred to the presentence report on which it had based its original sentencing determinations in the case. When defense counsel argued that the defendant should be sentenced as a Range I offender if "all we have before us is this presentence report, and nothing further," the trial court replied that it was adopting the same proof that was offered in the first sentencing hearing with respect to the defendant's prior convictions, which had already been proven.

We find no error in the trial court's reliance on facts presented at the prior sentencing hearing to classify the defendant as a career offender. As the State points out in its brief, it is well-established that a court may take judicial notice of factual findings made in prior proceedings in the same case. See Pruitt v. State, 460 S.W.2d 385, 395 (Tenn. Crim. App. 1970) ("The rule has long since been firmly established in this State that a Court may take judicial knowledge of facts which it has learned in an earlier hearing of the same case and of what it has done at a previous hearing of that case."); see also State v. Ernest Gentry Burton, No. M2008-00431-CCA-R3-CD, 2009 WL 2382284, at *15 (Tenn. Crim. App. Aug. 3, 2009), perm. app. denied (Tenn. Dec. 14, 2009) (noting that the "trial court may take judicial notice of any fact that is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned[,]" including facts from "an earlier proceeding in the same case") (citing Tenn. R. Evid. 201; Pruitt, 460 S.W.2d at 395). We also agree with the State that it was not required to duplicate its notice of enhanced punishment after remand from this court for resentencing for the lesser-included offense of attempted criminal exposure to HIV because the defendant was on notice from the first sentencing proceeding of the State's intent in that regard. See State v. Livingston, 197 S.W.3d 710, 714-15 (Tenn. 2006). We, therefore, affirm the sentencing determinations of the trial court.

## CONCLUSION

Based on our review, we conclude that the trial court did not err in considering facts from the original sentencing hearing in finding that the defendant had the requisite felonies to be sentenced on remand as a career offender. Accordingly, we affirm the sentencing imposed by the trial court and remand for entry of a corrected judgment to

reflect the defendant's conviction offense of attempted criminal exposure to HIV, which was omitted on the original judgment.

_____
ALAN E. GLENN, JUDGE