IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

DECEMBER 1996 SESSION



**FILED**

**May 7, 1997**

**Cecil W. Crowson**
**Appellate Court Clerk**

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | NO. 01-C-01-9603-CC-00105 |
| | ) | |
| Appellee | ) | WILLIAMSON COUNTY |
| | ) | |
| V. | ) | HON. CORNELIA A. CLARK, JUDGE |
| | ) | |
| JOHN W. GILLIAM | ) | (Unlawful Carrying or Possession of a |
| | ) | Weapon and Sentencing) |
| Appellant | ) | |
| | ) | |

FOR THE APPELLANT

John H. Henderson
District Public Defender
P.O. Box 68
Franklin, Tennessee 37065

C. Diane Crosier
Assistant Public Defender
P.O. Box 68
Franklin, Tennessee 37065

FOR THE APPELLEE

John Knox Walkup
Attorney General and Reporter
450 James Robertson Parkway
Nashville, Tennessee 37243-0493

Karen M. Yacuzzo
Assistant Attorney General
450 James Robertson Parkway
Nashville, Tennessee 37243-0493

Joseph D. Baugh, Jr.
District Attorney General
P.O. Box 937
Franklin, Tennessee 37065

Mark L. Puryear
Assistant District Attorney General
P.O. Box 937
Franklin, Tennessee 37065

OPINION FILED:_____

AFFIRMED

William M. Barker, Judge

<u>Opinion</u>

The Appellant, John W. Gilliam, appeals as of right his conviction and consecutive sentence for one count of the unlawful carrying or possession of a weapon. He argues that the evidence introduced at trial was insufficient to sustain his conviction and that the trial court erred when it ordered his sentence for that crime consecutive to another sentence for rape. We have reviewed the record on appeal and find no merit to the Appellant's contentions and, therefore, affirm the trial court's judgment.

On August 18, 1994, T.L.C.[1] was staying at the Dickson Motel in Williamson County. Around 9:45 p.m., T.L.C. and a girlfriend arrived at the motel, where they encountered the Appellant outside T.L.C.'s room. Some conversation ensued and T.L.C. then went to her girlfriend's room to visit. Approximately an hour and a half later T.L.C. returned to her room and went to bed.

Around 11:45 p.m., she heard a knock on the door. She asked who was knocking and the Appellant identified himself and told her that he was there to meet a mutual friend. T.L.C. got dressed and let the Appellant into the room. In the room, the Appellant pulled out a gun which he held to T.L.C.'s face, raped her, and then left.

Shortly thereafter, Louis Austin stopped by the victim's room and found her sitting on the floor crying. Looking down the road, Austin saw the Appellant walking in the direction of Fairview. Austin and one other man followed the Appellant and confronted him regarding what had happened. In response, the Appellant pulled out a gun and held it to Austin's face threatening him.

Later that night police officers found the Appellant in his trailer close to Highway 100. The police officers searched the trailer and found a small handgun hidden in the trash can in the bathroom. The Appellant was brought to the police station and there he admitted to having been in T.L.C.'s room and that he had been armed.

---

[1]Although the victim of the rape was not a minor, we have nevertheless chosen to refer to her by her initials only.

The Appellant was indicted for one count of aggravated rape, two counts of aggravated assault, and one count of unlawfully carrying or possessing a weapon. On April 12, 1995, the Appellant pled guilty to an amended charge of rape and the State entered *nolle prosequi* orders regarding the aggravated assault charges. The Appellant was sentenced to twelve years imprisonment.

On August 24, 1995, the Appellant was tried by jury on the weapon charge. At trial the jury was not aware of the fact that the Appellant had raped T.L.C., but it nevertheless convicted him of the unlawful carrying or possession a weapon. The Appellant was fined $3000.00 and the trial court sentenced him to two years imprisonment to be served consecutive to the twelve-year sentence imposed for the rape.

I

The Appellant first argues that the evidence introduced at trial was insufficient to convict him of unlawfully carrying or possessing a weapon. This issue is without merit.

In order for the jury to convict the Appellant of unlawfully carrying or possessing a weapon it had to find that the Appellant had violated Tennessee Code Annotated, section 39-17-1307. This statute provides, in pertinent part: "A person commits an offense who possesses a handgun and . . . [h]as been convicted of a felony involving the use or attempted use of force, violence or a deadly weapon . . . ." Tenn. Code Ann. § 39-17-1307(b)(1)(A) (1991).

The evidence clearly showed, through testimony from the victim and Austin and through the Appellant's own admission, that the Appellant carried a weapon on the night of August 18, 1994. The Appellant, however, takes issue with the evidence regarding the second element of the offense. He claims that the circumstantial evidence presented at trial was insufficient to prove that he had been previously

3

convicted of felony involving the use or attempted use of force, violence, or a deadly weapon.

An appellant challenging the sufficiency of the proof has the burden of illustrating to this Court why the evidence is insufficient to support the verdict returned by the trier of fact in his or her case. This Court will not disturb a verdict of guilt for lack of sufficient evidence unless the facts contained in the record and any inferences which may be drawn from the facts are insufficient, as a matter of law, for a rational trier of fact to find the defendant guilty beyond a reasonable doubt. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982).

Although the evidence of the appellant's prior conviction is circumstantial in nature, it is a well-established principle of law in this state that circumstantial evidence alone may be sufficient to support a conviction. State v. Buttrey, 756 S.W.2d 718, 721 (Tenn. Crim. App. 1988). However, in order for this to occur, the circumstantial evidence "must be not only consistent with the guilt of the accused but it must also be inconsistent with his [or her] innocence and must exclude every other reasonable theory or hypothesis except that of guilt." State v. Tharpe, 726 S.W.2d 896, 900 (Tenn. 1987). In addition, "it must establish such a certainty of guilt of the accused as to convince the mind beyond a reasonable doubt that [the appellant] is the one who committed the crime." Tharpe, 726 S.W.2d at 896. Moral certainty as to each element of the offense is required, but absolute certainty is not. Id.

When reviewing the convicting evidence, this Court must remember that the jury decides the weight to be given to circumstantial evidence and that "[t]he inferences to be drawn from such evidence, and the extent to which the circumstances are consistent with guilt and inconsistent with innocence are questions primarily for the jury." Marable v. State, 313 S.W.2d 451, 457 (Tenn. 1958); Pruitt v. State, 460 S.W.2d 385, 391 (Tenn. Crim. App. 1970).

4

In order to satisfy the second element of the crime, the State introduced evidence that the Appellant had been convicted of assault with intent to commit rape in Oklahoma in 1991. The State, however, did not offer into evidence a copy of the Oklahoma statute providing the elements of that crime. Because the elements of Oklahoma's assault with intent to commit rape crime were never established, the Appellant now argues that the jury could not have found that he had been convicted of a felony that involved the use or attempted use of force, violence, or a deadly weapon.

Although the State did not introduce any direct evidence regarding the second element of felony possession of a weapon, we find that the only reasonable hypothesis that can be formed as a result of the definition of the Oklahoma crime of assault with intent to commit rape is that that crime must have involved the attempted use or use of force, violence, or a deadly weapon. The Appellant's argument that a rational jury could not have found that a crime such as assault with intent to commit rape does not have an element of use or attempted use of force, violence, or a deadly weapon goes beyond the stretch of this Court's imagination. Accordingly, we find that a rational jury, circumstantially, could have found that the Appellant's Oklahoma felony conviction involved the use or attempted use of force, violence, or a deadly weapon. The Appellant has failed to carry his burden to prove otherwise and his claim that the convicting evidence was insufficient is without merit.

II

The Appellant also contends that the trial court erred when it ordered that he serve his sentence for the weapon conviction consecutive to his twelve-year sentence for rape. This issue is also without merit.

When an appellant complains of his or her sentence, we must conduct a *de novo* review with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d) (1990). The burden of showing that the sentence is improper is upon the appealing party. Id. Sentencing Commission Comments. This presumption, however, is

5

conditioned on an affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

"If a defendant is convicted of more than one (1) criminal offense . . . the court may order [the] sentences to run consecutively if [it] finds by the a preponderance that . . . [t]he defendant is a dangerous offender whose behavior indicates little or no regard for human life, and no hesitation about committing a crime in which the risk to human life is high." Tenn. Code Ann. § 40-35-115 (a), (b)(4) (1990). Before the trial court can justify consecutive sentencing pursuant to this provision it must find that the evidence shows that the defendant's behavior indicated little or no regard for human life and no hesitation about committing a crime in which the risk to human life was high. Id. The trial court must also find that "[t]he proof . . . establishes that the terms imposed are reasonably related to the severity of the offenses committed and are necessary . . . to protect the public from further criminal acts by the offender." State v. Wilkerson, 905 S.W.2d 933, 938 (Tenn. 1995). The sentence must also comply with the Sentencing Act's general principles. Id.

At the sentencing hearing, the trial court, considering the principles of the Sentencing Act, ordered the Appellant's sentence consecutive to the rape sentence finding that he was a dangerous offender. We agree with the trial court's findings.

The Appellant, by the use of deceit, entered the victim's room and raped her at gunpoint. The Appellant also has a significant prior criminal history. The Appellant, who was only twenty-two years old when the offense occurred, was found guilty of aggravated rape in 1986 and the following year he escaped from his incarceration for that offense. In 1991 he pled *nolo contendre* for assault with intent to commit rape and served three years for that offense. Less than one year after his release he raped the victim in this case under aggravated circumstances. The Appellant's criminal past makes it clear to us that confinement for an extended period of time is necessary to

protect society from the Appellant and that the length of the sentences reasonably relates to the offenses for which the defendant stands convicted. We also agree with the trial court's findings that the length of the sentence is necessary to provide deterrence against similar crimes and to avoid depreciating the seriousness of that offense.

For the reasons contained herein, we affirm the Appellants convictions and sentences.

_____
WILLIAM M. BARKER, JUDGE

CONCUR:

_____
PAUL G. SUMMERS, JUDGE

_____
JOE G. RILEY, JUDGE