IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

OCTOBER 1998 SESSION

FILED

December 31, 1998
Cecil Crowson, Jr.
Appellate Court Clerk

STATE OF TENNESSEE,          )
                             )
          Appellee,          )     C.C.A. NO. 02C01-9801-CR-00010
                             )
                             )     SHELBY COUNTY
VS.                          )
                             )     HON. BERNIE WEINMAN,
TONY C. YOUNG,               )     JUDGE
                             )
          Appellant.         )     (Aggravated Rape, Aggravated
                                   Assault, Aggravated Sexual Battery,
                                   and Especially Aggravated
                                   Kidnapping)

FOR THE APPELLANT:                    FOR THE APPELLEE:


A C WHARTON                           JOHN KNOX WALKUP
District Public Defender              Attorney General & Reporter

W. MARK WARD                          MARVIN E. CLEMENTS, JR.
Asst. District Public Defender        Asst. Attorney General
Suite 2-01, 201 Poplar Ave.           Cordell Hull Bldg., 2nd Fl.
Memphis, TN  38103                    425 Fifth Ave., North
       (On Appeal)                    Nashville, TN  37243

DONNA J. ARMSTARD                     WILLIAM L. GIBBONS
       -and-                          District Attorney General
TERESA D. JONES
Asst. District Public Defenders       PATIENCE R. BRANHAM,
201 Poplar Ave., 2nd Fl.              ROSEMARY ANDREWS,
Memphis, TN  38103                          -and-
       (At Trial)                     P.T. HOOVER
                                      Asst. District Attorneys General
                                      201 Poplar Ave., 3rd Fl.
                                      Memphis, TN  38103


OPINION FILED:_____


AFFIRMED


JOHN H. PEAY,
Judge

# OPINION

On February 28, 1997, the defendant was found guilty by a jury of four counts of aggravated assault, one count of aggravated rape, one count of aggravated sexual battery, and one count of especially aggravated kidnapping. On May 16, 1997, the defendant was sentenced to an effective sentence of forty-three years imprisonment.[1] The defendant then filed a motion for a new trial, which was overruled by the trial court. The defendant now appeals and argues that the evidence was insufficient to support his convictions.

After a review of the record and the applicable law, we find no merit to the defendant's contentions and thus affirm the defendant's convictions.

The defendant's convictions stem from his involvement in the kidnapping and rape of two women and a subsequent assault on one of the rape victims, her mother, and a passenger in their car. At trial, one of the victims, Tamicka Chism, testified to the following events. On December 24, 1995, Ms. Chism went to a telephone booth outside her apartment to make a phone call. She was accompanied by a young boy whom she was babysitting at the time. While at the telephone booth, Ms. Chism was approached by the defendant who held a gun to her head and forced her and the little boy into his car. After dropping off the boy, the defendant took Ms. Chism to a house owned by his mother and over the course of the evening continuously raped and beat her. The next morning, the defendant gave Ms. Chism a choice as to how she would prefer to be killed: he could either shoot her, he could slit her throat, or she could ingest rat poison. Ms. Chism chose the rat poison. After she had ingested two handfuls of the poison, the defendant took her

---

[1] The defendant was sentenced to concurrent terms of twenty-five years for the aggravated rape and especially aggravated kidnapping convictions, concurrent six year terms for each of the four aggravated assault convictions, and twelve years for the aggravated sexual battery conviction. These several sentences were to run consecutively to each other for an effective sentence of forty-three years.

to the bathroom and bathed her. The defendant then partially dressed her, took her back to her neighborhood, and let her out of the car. She managed to crawl to a neighbor's apartment where an ambulance was called. When she arrived at the hospital, she was examined and found to have suffered a severe trauma to her cervix as well as many other superficial abrasions and injuries. Ms. Chism described her attacker as a bald, black male wearing an army outfit and driving a green Volvo with tan interior.

On January 4, 1996, less than two weeks after the rape of Ms. Chism, another victim, Joyce Edwards, showed up at the house of Greta Eason. Ms. Edwards had no clothes on, a large piece of glass protruding from her stomach, a cut in her foot so deep it exposed the bone, blood and foam coming from her mouth, two black eyes, and welts all over her back. According to Ms. Eason and her sister, Ms. Edwards told them she had been kidnapped and raped and beaten by two men, a black man and a white man. She pointed in the direction of the house owned by the defendant's mother and said that was where the rape occurred. Ms. Edwards also told them there was a truck in the yard of the house. She said she had been beaten with a hose and forced to eat rat poison and drink rubbing alcohol. She also said that the black man had told her he was going to kill her and went to a back room to get a gun. At that point, the white man told her she was on her own and she jumped out of a window to escape.

At about the same time that Ms. Edwards arrived at Ms. Eason's house, Ms. Chism was riding in a car with her mother and her mother's friend. As they were driving down the street, Ms. Chism began to recognize the neighborhood. Ms. Chism then realized that this was the neighborhood where she had been raped. She saw the house in which she was raped and, as the defendant walked out of the house in an army outfit, recognized the defendant as her attacker. Although there was conflicting testimony as to what exactly happened next, some sort of chase ensued. This chase ended when the cars collided and the defendant retrieved a sledgehammer from the trunk of his green

3

Volvo and smashed all of the windows out of Ms. Chism's mother's car. The police were called and the defendant was subsequently found in a nearby house.

It appears that as the police responded to the incident occurring between the defendant and Ms. Chism, the police were also responding to a call regarding the rape of Ms. Edwards. Ms. Edwards told the police that she was raped in a neighboring house with a red truck in the front yard. She also told them she had jumped out of the window to escape. The police, relying on the information obtained from Ms. Edwards, ended up at the house belonging to the defendant's mother located on Edsel Street. There was a red truck in the front yard of the house and a broken window with blood dripping from it on the west side of the house. The police that had responded to the call involving Ms. Chism then took her to the house on Edsel belonging to the defendant's mother, and she identified it as the same house in which she had been raped.

The police went inside the house to look for any other possible victims. Inside, the police found a length of garden hose and an empty box of rat poison in the garbage can outside. The police also apprehended a white male who had been walking on the street in front of the house and who stated that he had been in the house at the time of the rape.

By this time, Ms. Edwards had been transported to the hospital where blood was found in both her anal and vaginal areas. Medical records indicated that she had intoxication secondary to being forced to consume rat poison and rubbing alcohol. In addition, Ms. Edwards was shown a photo line-up in which she identified the defendant as her attacker.

The defendant contends that the evidence was insufficient to justify a rational jury finding him guilty of the charges beyond a reasonable doubt. A defendant

4

challenging the sufficiency of the proof has the burden of illustrating to this Court why the evidence is insufficient to support the verdict returned by the trier of fact in his or her case. This Court will not disturb a verdict of guilt for lack of sufficient evidence unless the facts contained in the record and any inferences which may be drawn from the facts are insufficient, as a matter of law, for a rational trier of fact to find the defendant guilty beyond a reasonable doubt. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982).

When an accused challenges the sufficiency of the convicting evidence, we must review the evidence in the light most favorable to the prosecution in determining whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). We do not reweigh or re-evaluate the evidence and are required to afford the State the strongest legitimate view of the proof contained in the record as well as all reasonable and legitimate inferences which may be drawn therefrom. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978).

The defendant contends that Ms. Chism had "suspect credibility" and therefore his convictions for especially aggravated kidnapping and aggravated rape, based solely on her testimony, are not supported by enough evidence to justify a finding of guilt beyond a reasonable doubt. However, questions concerning the credibility of witnesses, the weight and value to be given to the evidence, as well as factual issues raised by the evidence are resolved by the trier of fact, not this Court. Cabbage, 571 S.W.2d 832, 835. A guilty verdict rendered by the jury and approved by the trial judge accredits the testimony of the witnesses for the State, and a presumption of guilt replaces the presumption of innocence. State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973). As it was within the province of the jury to decide whether Ms. Chism's testimony was credible, this contention is without merit.

The defendant further contends that the evidence was insufficient to support his convictions for aggravated sexual battery and aggravated assault with regard to Ms. Edwards. The defendant bases this argument on the grounds that because Ms. Edwards did not testify at trial as to the identity of her attacker or the circumstances of the offenses committed against her, the evidence was entirely circumstantial and based on hearsay and therefore insufficient to justify a finding of guilt beyond a reasonable doubt. However, it is a well established principle of law in this state that circumstantial evidence alone may be sufficient to support a conviction. State v. Buttrey, 756 S.W.2d 718, 721 (Tenn. Crim. App. 1988). In order for this to occur, the circumstantial evidence "must be not only consistent with the guilt of the accused but it must also be inconsistent with his [or her] innocence and must exclude every other reasonable theory or hypothesis except that of guilt." State v. Tharpe, 726 S.W.2d 896, 900 (Tenn. 1987). In addition, "it must establish such a certainty of guilt of the accused as to convince the mind beyond a reasonable doubt that [the defendant] is the one who committed the crime." Tharpe, 726 S.W.2d at 896. Moral certainty as to each element of the offense is required, but absolute certainty is not. Tharpe, 726 S.W.2d at 896.

While following the above guidelines, this Court must remember that the jury decides the weight to be given to circumstantial evidence and that "[t]he inferences to be drawn from such evidence, and the extent to which the circumstances are consistent with guilt and inconsistent with innocence are questions primarily for the jury." Marable v. State, 313 S.W.2d 451, 457 (Tenn. 1958); State v. Coury, 697 S.W.2d 373, 377 (Tenn. Crim. App. 1985); Pruitt v. State, 460 S.W.2d 385, 391 (Tenn. Crim. App. 1970). As such, it was within the province of the jury to decide how much weight should be given to the testimony of Ms. Eason and her sister with regard to Ms. Edward's excited utterances and the extent to which those excited utterances and other circumstances linking the defendant to the crime were consistent with the defendant's guilt. Therefore, this contention is also without merit.

6

The defendant's final contention is that the evidence is insufficient to support a finding that he committed aggravated assault upon Ms. Chism during the car chase and subsequent attack that occurred on January 4, 1996. The defendant argues that because Ms. Chism testified she got out of the car before it was struck by the defendant's automobile and there was no other testimony directly contradicting these statements, the record does not support a finding of guilt beyond a reasonable doubt. However, Ms. Chism's mother did testify that her daughter was in the backseat when the defendant jumped out of his car right after the collision. It is apparent the jury accredited this testimony over Ms. Chism's and the defendant's version of events, as is their prerogative. Cabbage, 571 S.W.2d at 835. As such, this contention is also without merit.

In sum, the defendant has failed to illustrate to this Court why the evidence is insufficient to support the jury's verdict. The facts contained in the record and inferences which may be drawn therefrom are more than sufficient to justify the jury's finding of guilt beyond a reasonable doubt. As such, the defendant's convictions are affirmed.

_____
JOHN H. PEAY, Judge


CONCUR:


_____
DAVID G. HAYES, Judge


_____
L. T. LAFFERTY, Senior Judge