IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

JUNE 1999 SESSION

FILED

August 20, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | C.C.A. NO. 03C01-9811-CR-00383 |
| Appellee, | ) | |
| | ) | HAWKINS COUNTY |
| VS. | ) | |
| | ) | HON. JAMES E. BECKNER, |
| JERRY K. CRAWFORD, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Burglary of an Auto & Theft of Property Valued Under $500.00) |

FOR THE APPELLANT:                    FOR THE APPELLEE:


GREG EICHELMAN                         PAUL G. SUMMERS
District Public Defender               Attorney General & Reporter


R. RUSSELL MATTOCKS                    CLINTON J. MORGAN
Asst. Public Defender                  Asst. Attorney General
1609 College Park Dr., Box 11          Cordell Hull Bldg., 2nd Fl.
Morristown, TN 37813-1618             425 Fifth Ave., North
                                       Nashville, TN 37243-0493


                                       C. BERKELEY BELL
              .                        District Attorney General


                                       DOUG GODBEE
                                       Asst. District Attorney General
                                       Hawkins County Courthouse
                                       Main St.
                                       Rogersville, TN 37857




OPINION FILED:_____



AFFIRMED



JOHN H. PEAY,
Judge

# O P I N I O N

The defendant was found guilty by a jury of burglary of an automobile and theft of property valued at five hundred dollars ($500.00) or less. The trial court sentenced the defendant as a Range I standard offender to a term of one year and three months for burglary and a term of eleven months and twenty-nine days for theft. These sentences were to run concurrently and were to be served in confinement. The defendant's subsequent motion for a new trial was denied by the trial court. The defendant now appeals and contends that the evidence is insufficient to support his convictions and that his sentence is excessive. After a review of the record and applicable law, we find no merit to the defendant's contentions and thus affirm the judgment of the court below.

The evidence at trial established that in the early morning hours of April 9, 1998, the passenger side window of the victim's car was broken and her purse, which was inside the car, was stolen. According to the victim, Karen Stokes, she heard a "crash" outside, but "thought it was lightening [sic]." She subsequently realized that her car had been burglarized. When she later heard a witness describing the suspect to the police, she thought the description matched that of the defendant, her husband's cousin, and gave the police the defendant's name.

A neighbor of the victim, Tina Alley, also testified at trial. According to Ms. Alley, she "heard glass breaking" and ran to the window. She saw a man wearing jeans and white t-shirt running to a red, four-door Cavalier. Ms. Alley further testified that there was enough light "shining down where I could see who it was." Although Ms. Alley admitted that she did not immediately recognize the man, she testified that she later realized the man she had seen was the defendant, a relative. After this realization, Ms. Alley gave the defendant's name to the police. Ms. Alley also made an in-court

2

identification of the defendant.

Also testifying at trial was Kimberly Reed, a woman visiting Ms. Alley when the crime occurred. Ms. Reed testified that she heard glass breaking, went outside, and saw a man running toward a red, four-door Cavalier. Ms. Reed testified that she yelled "hey" and the man turned around. Ms. Reed testified that she was able to see the man's face. She then identified the defendant as the man she saw running from the scene.

After receiving a description of the suspect, his clothing, and the defendant's name, the police went to the defendant's residence. Officer Robert Schmutzler of the Kingsport Police Department testified that when he arrived at the defendant's residence, he felt the hood of the defendant's red Cavalier parked outside. According to Officer Schmutzler, the hood of the Cavalier was still warm. In addition, he noticed small pieces of glass in the driver's seat of the Cavalier. Officer Schmutzler then knocked on the door of the defendant's residence and the defendant answered. Officer Schmutzler subsequently found a wet white t-shirt on the top of a clothes pile in the defendant's bedroom. According to Officer Schmutzler, the t-shirt matched the description given by witnesses on the scene. Officer Schmutzler took the t-shirt back to the scene of the crime where Ms. Alley positively identified it as the shirt worn by the suspect. Ms. Alley also made an in-court identification of the t-shirt.

The evidence further established that the pieces of glass found in the defendant's Cavalier, pieces of glass from the passenger window of the victim's car, and the defendant's t-shirt were all sent to the TBI crime laboratory. Randall Nelson, a forensic scientist in the TBI crime laboratory, testified at trial. According to Mr. Nelson, the glass found in the driver's seat of the defendant's Cavalier was "consistent" with the glass from the passenger side window of the victim's car. However, the glass fragments that were subsequently found on the defendant's t-shirt were not "consistent" with the

3

glass from the passenger side window of the victim's car.

The defendant now contends that the evidence is insufficient to support his conviction. Specifically, the defendant points to apparent inconsistencies and faults in the testimony of Ms. Alley, Ms. Reed, and Officer Schmutzler and alleged faults in the physical evidence linking the defendant to this crime. The defendant further contends that the evidence with which he was convicted was purely circumstantial in nature and therefore insufficient to support his convictions.

A defendant challenging the sufficiency of the proof has the burden of illustrating to this Court why the evidence is insufficient to support the verdict returned by the trier of fact in his or her case. This Court will not disturb a verdict of guilt for lack of sufficient evidence unless the facts contained in the record and any inferences which may be drawn from the facts are insufficient, as a matter of law, for a rational trier of fact to find the defendant guilty beyond a reasonable doubt. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982).

It is a well established principle of law in this state that circumstantial evidence alone may be sufficient to support a conviction. State v. Buttrey, 756 S.W.2d 718, 721 (Tenn. Crim. App. 1988). However, in order for this to occur, the circumstantial evidence "must be not only consistent with the guilt of the accused but it must also be inconsistent with his innocence and must exclude every other reasonable theory or hypothesis except that of guilt." State v. Tharpe, 726 S.W.2d 896, 900 (Tenn. 1987). In addition, "it must establish such a certainty of guilt of the accused as to convince the mind beyond a reasonable doubt that [the defendant] is the one who committed the crime." Tharpe, 726 S.W.2d at 896. Moral certainty as to each element of the offense is required, but absolute certainty is not. Tharpe, 726 S.W.2d at 896. While following these guidelines, this Court must remember that the jury decides the weight to be given

4

to circumstantial evidence and that "[t]he inferences to be drawn from such evidence, and the extent to which the circumstances are consistent with guilt and inconsistent with innocence are questions primarily for the jury." Marable v. State, 313 S.W.2d 451, 457 (Tenn. 1958); State v. Coury, 697 S.W.2d 373, 377 (Tenn. Crim. App. 1985); Pruitt v. State, 460 S.W.2d 385, 391 (Tenn. Crim. App. 1970).

In the case at bar, two eyewitnesses identified the defendant as the man fleeing the scene of the crime. The eyewitnesses also described the man's vehicle as a red Chevy Cavalier, the same type of car driven by the defendant. In addition, the glass found in the driver's seat of the defendant's Cavalier was consistent with the glass from the broken window of the victim's vehicle. One witness identified the t-shirt found by police at the defendant's residence as the same shirt worn by the man fleeing the scene of the crime. After a review of the record, we find the evidence sufficient for a rational trier of fact to find the defendant guilty beyond a reasonable doubt. Furthermore, although the defendant points to apparent inconsistencies in the testimony of several trial witnesses in support of his claim of insufficient evidence, we note that questions concerning the credibility of witnesses as well as factual issues raised by the evidence are resolved by the trier of fact, not this Court. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). As such, this contention is without merit.

The defendant next contends that his sentence of one year and three months for the burglary of an auto is excessive. The defendant argues that the trial court erred in applying enhancement factors (1), that the defendant has a previous history of criminal convictions or criminal behavior, and (8), that the defendant has a previous history of unwillingness to comply with the conditions of a sentence involving release into the community. T.C.A. § 40-35-114(1), (8). The defendant further contends that the trial court erred in denying him some form of alternative sentencing.

5

When a defendant complains of his or her sentence, we must conduct a de novo review with a presumption of correctness. T.C.A. § 40-35-401(d). The burden of showing that the sentence is improper is upon the appealing party. T.C.A. § 40-35-401(d) Sentencing Commission Comments. This presumption, however, "is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). We find the presumption applicable in this case.

In conducting a review of the defendant's sentence, this Court must consider the evidence received at the trial and the sentencing hearing, the presentence report, the principles of sentencing and arguments as to sentencing alternatives, the nature and character of the offense, applicable mitigating and enhancement factors, any statement the defendant wishes to make in his own behalf about sentencing, and the potential for rehabilitation or treatment. See T.C.A. § 40-35-103, -210; State v. Holland, 860 S.W.2d 53, 60 (Tenn. Crim. App. 1993).

The defendant's conviction for burglary of an auto is a Class E felony. T.C.A. § 39-14-402. As a Range I standard offender convicted of a Class E felony, the defendant's sentencing range was one to two years. T.C.A. § 40-35-112(a)(5). The Sentencing Reform Act of 1989 provides that in the absence of enhancing and mitigating factors, the minimum sentence within the range is the presumptive sentence for Class B, C, D, and E felonies. T.C.A. § 40-35-210(c). If there are enhancing and mitigating factors, the court must start at the minimum sentence in the range and enhance the sentence as appropriate for the enhancement factors and then reduce the sentence within the range as appropriate for the mitigating factors. If there are no mitigating factors, the court may set the sentence above the minimum in that range but still within the range. The weight to be given to each factor is left to the discretion of the trial judge. State v. Shelton, 854 S.W.2d 116, 123 (Tenn. Crim. App. 1992).

The defendant argues that the trial court improperly applied enhancement factor (1), that the defendant has a previous criminal history. T.C.A. § 40-35-114(1). The presentence report indicates that the defendant has previously been convicted on two counts of reckless driving, two counts of speeding, and one count of driving without a license. As this is a history of criminal behavior and convictions, we find no error in the trial court's application of this factor. See State v. Troy L. Noles, No. 01C01-9710-CR-00470, Macon County (Tenn. Crim. App. filed October 19, 1998, at Nashville); State v. Jerome D. Upman, No. 03C01-9402-CR-00052, Hamblen County (Tenn. Crim. App. filed August 2, 1994, at Knoxville); see also State v. Jerry Lynn Walde, No. 03C01-9603-CC-00109, Sevier County (Tenn. Crim. App. filed December 23, 1997, at Knoxville).

The defendant next challenges the trial court's application of enhancement factor (8), that the defendant has a previous history of unwillingness to comply with the conditions of a sentence involving release in the community. T.C.A. § 40-35-114(8). The trial court based the application of this factor on the presentence report which indicates that the defendant was convicted of reckless driving and placed on six months of probation. While on probation, the defendant was convicted of speeding. This could be considered as some history of an unwillingness to comply with conditions of a sentence involving release in the community. See State v. Michael Adams, No. 289, Hamblen County (Tenn. Crim. App. filed August 7, 1989, at Knoxville)(holding enhancement factor (8) applicable where the defendant was convicted of driving on a revoked license while on probation); State v. Randal A. Thies, No. 02C01-9708-CC-00299, Tipton County (Tenn. Crim. App. filed April 24, 1998, at Jackson)(holding enhancement factor (8) applicable where the defendant was convicted of speeding while on probation for DUI and had previously been convicted of DUI while on probation for a separate DUI).

The trial court found one applicable mitigating factor, that the defendant's criminal conduct did not cause or threaten serious bodily injury. T.C.A. § 40-35-113. The

7

record also indicates that the trial court considered the fact that the victim requested leniency for the defendant. The trial court subsequently enhanced the minimum sentence of one year for a Class E felony to a sentence of one year and three months. In light of the applicable enhancement and mitigating factors, we find no error in the trial court's sentence.

The defendant next contends that the trial court erred in denying him an alternative sentence. T.C.A. § 40-35-103 sets out sentencing considerations which are guidelines for determining whether or not a defendant should be incarcerated. These include the need "to protect society by restraining a defendant who has a long history of criminal conduct," the need "to avoid depreciating the seriousness of the offense," the determination that "confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses," or the determination that "measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant." T.C.A. § 40-35-103(1).

Additionally, the legislature established certain sentencing principles which include:

> (5) In recognition that state prison capacities and the funds to build and maintain them are limited, convicted felons committing the most severe offenses, possessing criminal histories evincing a clear disregard for the laws and morals of society, and evincing failure of past efforts at rehabilitation shall be given first priority regarding sentencing involving incarceration; and
>
> (6) A defendant who does not fall within the parameters of subdivision (5) and is an especially mitigated or standard offender convicted of a Class C, D or E felony is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary.

T.C.A. § 40-35-102.

After reviewing the statutes set out above, it is obvious that the intent of the

legislature is to encourage alternatives to incarceration in cases where defendants are sentenced as standard or mitigated offenders convicted of C, D, or E felonies. However, it is also clear that there is an intent to incarcerate those defendants whose criminal histories indicate a clear disregard for the laws and morals of society and a failure of past efforts to rehabilitate.

The defendant in the case at bar is presumed to be a favorable candidate for alternative sentencing in the absence of evidence to the contrary. T.C.A. § 40-35-102(6). However, militating against alternative sentencing are circumstances indicating that measures less restrictive than confinement have recently been applied unsuccessfully to the defendant, that confinement is necessary either to protect society from a defendant with a long history of criminal conduct or to avoid depreciating the seriousness of the offense, or that the defendant lacks the potential for rehabilitation. See T.C.A. § 40-35-103(1), (5); Ashby, 823 S.W.2d at 169.

In denying alternative sentencing in the present case, the trial court relied on a number of factors. The trial court first noted the defendant's prior criminal record. The trial court further noted the defendant's "prior offense while on probation" indicating that measures less restrictive than confinement have recently been applied to the defendant without success. T.C.A. § 40-35-103(1)(C). The trial court mentioned the need for deterrence. The trial court also noted the defendant's history of alcohol abuse indicated in the presentence report. This history is relevant to establish the defendant's potential or lack of potential for rehabilitation. T.C.A. § 40-35-103(5). The trial court also pointed to the fact that the defendant had never admitted his guilt in this case and instead "lied to the jury about it." The fact that the defendant has taken no responsibility for his criminal activity and was untruthful suggests a lack of potential for rehabilitation. T.C.A. § 40-35-103(5).

Thus, we conclude that the factors cited above are sufficient to overcome the presumption of eligibility for alternative sentencing. The defendant has failed to carry his burden of demonstrating that the evidence preponderates against the trial court's findings. The defendant has also failed to carry his burden of demonstrating that his sentence was improper. This issue is therefore without merit.

Accordingly, we affirm the defendant's conviction and sentence.

_____
JOHN H. PEAY, Judge


CONCUR:


_____
DAVID G. HAYES, Judge


_____
JOHN EVERETT WILLIAMS, Judge