# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs December 5, 2000

## STATE OF TENNESSEE v. COURTNEY ANDERSON

**Direct Appeal from the Criminal Court for Shelby County**
**Nos. 97-08497, 97-08498     Joseph B. Dailey, Judge**

---

**No. W2000-00244-CCA-R3-CD - Filed January 30, 2001**

---

The defendant was convicted by a Shelby County jury of theft of property valued greater than $10,000 and forgery. The trial court sentenced him to consecutive sentences of 15 years for theft as a persistent offender and six years for forgery as a career offender. In this appeal as a matter of right, defendant alleges (1) the evidence is not sufficient to support the convictions, and (2) his sentence is excessive. After a thorough review of the record, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOE G. RILEY, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ROBERT W. WEDEMEYER, JJ., joined.

William L. Johnson, Memphis, Tennessee, for the appellant, Courtney Anderson.

Paul G. Summers, Attorney General and Reporter; Clinton J. Morgan, Assistant Attorney General; William L. Gibbons, District Attorney General; and Amy P. Weirich, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

In this appeal as a matter of right, the defendant claims that there is insufficient evidence to sustain his theft and forgery convictions, and his sentence is excessive. After a thorough review of the record, we affirm the defendant's convictions and sentences.

## I. FACTS

On December 20, 1996, someone rented a $30,000 Cadillac Sedan Deville from Avis Car Rental under the stolen identity of Steven Michael Hawks. For proof of identity, the person supplied Avis with a major credit card with Hawks' name, and a Tennessee driver's license with the defendant's photo and Hawks' license and social security numbers. The vehicle was not returned at the end of the seven-day rental period.

Jack Bell, an employee at Whitehaven Liquor, testified that the defendant tried to cash a check on February 1, 1997. After the defendant handed Bell the check and a driver's license, Bell recognized the check as being drawn on a batch reported stolen. Accordingly, Bell proceeded to his office, phoned the drawer's bank, and determined the check was stolen. He returned to the counter, but the defendant was gone. Bell phoned the police, and he gave them the check and the driver's license that the defendant left on the counter. A copy of the license was produced at trial, and it contained Hawks' name, driver's license number, and social security number, but it contained the defendant's photo. Bell identified the defendant as the person who tried to cash the check.

During the night hours on February 10, 1997, Memphis police officers noticed a Cadillac traveling in the opposite direction without use of its headlamps. When the officers turned on their emergency lights to pursue the Cadillac, it accelerated to a high rate of speed. The officers saw the vehicle turn into a residence, and the driver exited the vehicle and fled on foot. The officers arrested the two passengers, but the driver was not apprehended. The Cadillac was the vehicle leased from Avis.

Vickie Gregory was one of the passengers arrested. At trial, she testified that there were four persons in the car; the driver was a friend of the front passenger; she did not know that the car was stolen; and she only saw the driver a few times, so she could not identify the driver as the defendant.

Memphis Police Lieutenant Milton D. Jones acquired handwriting samples from the defendant. Tom Vastrick, an expert forensic document examiner, testified he was provided three documents to examine. The provided documents were (1) the driver's license, (2) the signed Avis rental agreement, and (3) the defendant's handwriting samples. Vastrick opined that all three samples were written by the same person.

## II.  SUFFICIENCY OF THE EVIDENCE

## A.  Standard of Review

Defendant contends that the evidence is insufficient to sustain the jury's guilty verdicts of theft over $10,000 and forgery. We respectfully disagree.

When a defendant challenges the sufficiency of the convicting evidence, we must review the evidence in the light most favorable to the prosecution to determine whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v.

Virginia, 443 U.S. 307, 318, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560, 573 (1979). We do not reweigh or reevaluate the evidence and are required to afford the state the strongest legitimate view of the proof contained in the record as well as all reasonable and legitimate inferences which may be drawn therefrom. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). It is the defendant's burden to show this court why the evidence is insufficient to support the verdict returned by the trier of fact in his or her case. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982).

Although the evidence of the defendant's guilt is circumstantial in nature, circumstantial evidence alone may be sufficient to support a conviction. State v. Tharpe, 726 S.W.2d 896, 899-900 (Tenn. 1987); State v. Gregory, 862 S.W.2d 574, 577 (Tenn. Crim. App. 1993). However, in order for this to occur, the circumstantial evidence must be not only consistent with the guilt of the accused but it must also be inconsistent with innocence and must exclude every other reasonable theory or hypothesis except that of guilt. Tharpe, 726 S.W.2d at 900. In addition, "it must establish such a certainty of guilt of the accused as to convince the mind beyond a reasonable doubt that [the defendant] is the one who committed the crime." *Id.* (quoting Pruitt v. State, 460 S.W.2d 385, 390 (Tenn. Crim. App. 1970)).

While following the above guidelines, this court must remember that the jury decides the weight to be given to circumstantial evidence and that "[t]he inferences to be drawn from such evidence, and the extent to which the circumstances are consistent with guilt and inconsistent with innocence are questions primarily for the jury." Marable v. State, 313 S.W.2d 451, 457 (Tenn. 1958); *see also* Gregory, 862 S.W.2d at 577; State v. Coury, 697 S.W.2d 373, 377 (Tenn. Crim. App. 1985); Pruitt, 460 S.W.2d at 391.

## B. Analysis

Prior law contained numerous separate offenses involving theft. *See* Tenn. Code Ann. §§ 39-3-1103 (1982) (grand and petit larceny); 39-3-1106 (1982) (larceny from the person); 39-3-1112,1113 (1982) (receiving and concealing stolen property); 39-3-1118 (1982) (fraudulent appropriation by one having custody); and 39-3-1121 (1982) (embezzlement). The 1989 Criminal Code abolished the distinctions among these various offenses and denominated them as the single offense of "theft". Tenn. Code. Ann. § 39-14-101 (1997).

In order for the defendant to be convicted of theft, the state must prove that the defendant, acting "with intent to deprive the owner of property, . . . knowingly obtain[ed] or exercise[d] control over the property without the owner's effective consent." Tenn Code Ann. § 39-14-103.

In order for the defendant to be convicted of forgery, the state must prove the defendant "forge[d] a writing with intent to defraud or harm another." Tenn. Code Ann. § 39-14-114(a).

The evidence clearly shows that someone forged Hawks' signature to the Avis agreement and committed theft by unlawfully obtaining the automobile and exercising control over it long after the

lease expired. The only real issue in this case is whether the state proved the defendant's identity as the perpetrator. We conclude the defendant's identity was sufficiently established.

The defendant was identified as the person in possession of the fraudulent driver's license which had his picture on it, but other information identifying Hawks. The forensic document examiner testified that the signatures on the driver's license and Avis rental agreement matched the handwriting of the defendant. The jury could, therefore, conclude that the defendant was the person who forged the Avis agreement and obtained the automobile. The jury could also reasonably conclude that the defendant obtained the automobile by "deception," thereby establishing that he did not have Avis' "effective consent" to have the vehicle. *See* Tenn. Code Ann. § 39-11-106(9)(A). The jury could further conclude that the defendant unlawfully exercised control over the automobile both immediately after the taking and after the rental period terminated.

This issue is without merit.

### III. SENTENCING

The defendant challenges both the length and consecutive nature of his sentences. For the offense of theft over $10,000, a Class C felony, the defendant was sentenced as a Range III persistent offender to the maximum term of 15 years. For the offense of forgery, a Class E felony, the defendant was sentenced to six years as a career offender. We see no reason to disturb the sentences imposed by the trial court.

### A. Standard of Review

This court's review of the sentence imposed by the trial court is *de novo* with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d). This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). If the trial court fails to comply with the statutory directives, there is no presumption of correctness and our review is *de novo*. State v. Poole, 945 S.W.2d 93, 96 (Tenn. 1997).

### B. Length of Sentences

In his brief, the defendant contends he "takes issue with the length of the sentences." However, he offers no argument about or reference to enhancement or mitigating factors. Furthermore, he does not challenge the trial court's determinations that he was a persistent offender with regard to the offense of theft over $10,000, and a career offender with regard to the offense of forgery. The defendant had at least 15 prior felony convictions. We also note that six years was the only possible punishment for the Class E felony of forgery as a career offender. *See* Tenn. Code Ann. § 40-35-108(c). We see no reason to disturb the length of each sentence.

## C. Consecutive Sentencing

The defendant further alleges error in the imposition of consecutive sentences. The trial court applied multiple convictions factor one (professional criminal) and factor two (extensive record of criminal activity). *See* Tenn Code Ann. § 40-35-115(b)(1), (2). Defendant claims that there is no evidence that he was a professional criminal, but he overlooks his testimony during the sentencing hearing. When asked if his career was identity theft, he replied that it was his career "at that present time." He went on to explain that he was in the business of producing fraudulent driver's licenses and had a contact in the department of motor vehicles who assisted him. The record shows that defendant, age 31, had been convicted of at least 15 felonies since the age of 18. Thus, it is abundantly clear that he has an extensive history of criminal activity, which alone makes consecutive sentencing proper.

Specific findings that an extended sentence is necessary to protect society and is reasonably related to the severity of the offenses are prerequisites to consecutive sentencing under the "dangerous offender" category in Tenn. Code Ann. § 40-35-115(b)(4). State v. Wilkerson, 905 S.W.2d 933, 939 (Tenn. 1995). However, such specific factual findings are not required for the other categories of Tenn. Code Ann. § 40-35-115(b). State v. Lane, 3 S.W.3d 456, 461 (Tenn. 1999). Nevertheless, the general principles of sentencing require that the length of sentence be "justly deserved in relation to the seriousness of the offense" and "be no greater than that deserved for the offense committed." *Id.* at 460 (citing Tenn. Code Ann. §§ 40-35-102(1) and 103(2)).

We conclude the trial court properly exercised its discretion when it sentenced the defendant to consecutive sentences, for an effective sentence of 21 years. Furthermore, we find that the aggregate sentence was justly deserved and was no greater than that deserved for the offenses the defendant committed. *See* Lane, 3 S.W.3d at 460.

This issue is without merit.

## IV. CONCLUSION

Based upon the foregoing, we hold there was sufficient evidence to sustain defendant's convictions for theft over $10,000 and forgery, and the trial court correctly sentenced the defendant. Thus, the judgment of the trial court is affirmed.

.

_____
JOE G. RILEY, JUDGE