IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 10, 2002

## STATE OF TENNESSEE v. EDWARD LUCAS

**Direct Appeal from the Circuit Court for Montgomery County**
**Nos. 34574 and 40046B     John H. Gasaway, III, Judge**

---

**No. M2001-01989-CCA-R3-CD - Filed July 18, 2002**

---

The appellant, Edward Lucas, was convicted in the Montgomery County Circuit Court of two counts of selling cocaine and one count of possession of marijuana with the intent to sell. The trial court imposed an effective sentence of six years incarceration in the Tennessee Department of Correction, sixty days of which were to be served in confinement with the remainder to be served on probation. Subsequently, the trial court found the appellant guilty of violating his probation and ordered the appellant to serve his sentence in confinement. The appellant raises the following issues on appeal: (1) whether the allegation set forth in the violation of probation warrant states a violation of the conditions of probation; (2) whether the allegation set forth in the violation of probation warrant complies with due process requirements of the United States and Tennessee Constitutions; and (3) whether the evidence is sufficient to support the probation revocation. Upon review of the record and the parties' briefs, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JOE G. RILEY and ALAN E. GLENN, JJ., joined.

Roger E. Nell, Clarksville, Tennessee, for the appellant, Edward Lucas.

Paul G. Summers, Attorney General and Reporter; Christine M. Lapps, Assistant Attorney General; John W. Carney, Jr., District Attorney General; and C. Dan Brollier, Jr., Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### I.  Factual Background

At the beginning of the appellant's probation revocation hearing, the trial court summarized the events leading to the hearing in the following manner:

In case number 34574, [the appellant] was convicted upon his plea of
guilty to sale of cocaine as alleged in Count one of the indictment,

which is a Class C Felony and he was also convicted upon his plea of guilty to Count three to the sale of cocaine, Class C Felony. First offense, count one was alleged to have occurred on April 19, 1994, and Count [three] was alleged to have occurred on April 21, 1994. He was sentenced to a term of three years on each count. The sentences were to be served consecutively.

In case number 40046, [the appellant] entered a plea of guilty on January 14, 1999, . . . to the sale of over a half ounce of marijuana which is a Class E Felony. He was sentenced to a term of one year. This sentence was probated. . . . But he was later accused of violating these probated sentences. . . .

The State proceeded on a warrant which alleged that the appellant violated the conditions of his probation by violating rule number one, which rule states, "I will obey the laws of the United States as well as any municipal ordinances." Specifically, the warrant provided that, "[o]n or about 2/7/00 offender was arrested on Federal Charges of Distribution of Cocaine Base."

At the probation revocation hearing, Lewis Spencer was the only witness to testify for the State. Spencer testified that, while working with the Drug Enforcement Agency (DEA) and the Clarksville Police Department, he purchased one ounce of crack cocaine from the appellant. Spencer testified that the purchase took place on December 14, 1999, at approximately 2:30 p.m. The sale was monitored by DEA and the Clarksville Police through a body wire which was placed on him.

The trial court found that the evidence presented by the State proved, by a preponderance of the evidence, that the appellant had violated his probation. Accordingly, the trial court revoked the appellant's probation and ordered him to serve his sentence in confinement. The appellant now appeals.

## II. Analysis
### A. Probation Revocation Warrant

In his first two issues on appeal, the appellant contests the adequacy of the warrant accusing him of violating his probation. The appellant argues that the warrant (1) failed to state a violation of the terms of his probation, and (2) failed to adequately notify him of the violation charged, in violation of his right to due process. In addressing the appellant's first complaint, we note that the probation revocation warrant alleged that the appellant violated the condition of his probation which mandates that the appellant "will obey the laws of the United States as well as any municipal ordinances." Specifically, the warrant provided that, '[o]n or about 2/7/00 offender was arrested on Federal Charges of Distribution of Cocaine Base." The appellant moved to dismiss the warrant arguing that the mere statement that the appellant had been arrested does not sufficiently allege a violation of probation, i.e., being arrested is not a violation. In response, the trial court stated:

> [The appellant] was correct when he said that the literal language is a mere recitation that [the appellant] was arrested which in and of itself, is just an allegation. But [the State] is right that if you look at the complete sentence, which was on or about February 7th, 2000, offender was arrested on Federal charges of distribution of cocaine base. So–if it has just said that he was arrested of possessing cocaine, I would grant your motion and throw it out, but because it says "arrested for the distribution of cocaine[,"] it puts him on notice of what he is accused of, distributing cocaine.

We agree with the trial court. We recognize that the distribution of the cocaine is the actual violation of probation, not the arrest itself. However, the warrant essentially alleges noncompliance with the appellant's probationary terms by his distribution of cocaine. See State v. Walter Lee Ellison, Jr., No. 01C01-9708-CR-00361, 1998 Tenn. Crim. App. LEXIS 575, at *6 (Nashville, May 29, 1998). Accordingly, the warrant adequately stated a probation violation.

The United States Supreme Court has observed that "[p]robationers have an obvious interest in retaining their conditional liberty, and the State also has an interest in assuring that revocation proceedings are based on accurate findings of fact and, where appropriate, the informed exercise of discretion." Black v. Romano, 471 U.S. 606, 611, 105 S. Ct. 2254, 2257 (1985); see also State v. Jackie D. Ozier, No. W1999-01478-CCA-R3-CD, 2000 Tenn. Crim. App. LEXIS 294, at *6 (Jackson, April 4, 2000) (stating "a defendant who is granted probation has a liberty interest and is entitled to due process before any revocation"). To ensure the "minimum requirements of due process" necessary prior to a probation revocation hearing, the following requirements must be met:

> "(a) written notice of the claimed violations of [probation or] parole;
> (b) disclosure to the [probationer or] parolee of evidence against him;
> (c) opportunity to be heard in person and to present witnesses and documentary evidence;
> (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation);
> (e) a 'neutral and detached' hearing body . . . ; and
> (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking [probation or] parole."

Gagnon v. Scarpelli, 411 U.S. 778, 786, 93 S. Ct. 1756, 1761-62 (1973) (quoting Morrissey v. Brewer, 408 U.S. 471, 489, 92 S. Ct. 2593, 2604 (1972)).

In regard to probation revocations, Tenn. Code Ann. § 40-35-311(e) (Supp. 2001) provides:

> If the trial judge should find that the [appellant] has violated the conditions of probation and suspension by a preponderance of the evidence, the trial judge shall have the right . . . to revoke the probation and suspension of sentence and cause the [appellant] to commence the execution of the judgment as originally entered . . . .

Generally, if a trial court finds by a preponderance of the evidence that an appellant has violated the conditions of his probation, the trial court may thereupon revoke that appellant's probation. Tenn. Code Ann. § 40-35-311(e). Such revocation "rest[s] in the sound discretion of the trial judge." State v. Leach, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995). Thus, this court will not disturb the judgment of the trial court unless there has been an abuse of that discretion. Id. at 107. In order to find an abuse of discretion, the record must contain no substantial evidence to support the trial court's determination that the appellant has violated a condition of his probation. State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991).

In addressing the appellant's second complaint, we conclude that the language of the warrant sufficiently apprised the appellant of the charges against him, thereby complying with the requirements of due process. Based upon the warrant, the appellant was aware that he needed to defend himself against allegations that he delivered cocaine in violation of his probation, the same activity underlying federal charges. The warrant alleged the date of the arrest and the specific number of the condition of probation the appellant violated. We conclude that this language is sufficient to notify the appellant of the pending charges in the probation revocation proceeding. See State v. Richard McAdams, No. 01C01-9604-CC-00134, 1997 Tenn. Crim. App. LEXIS 971, at *7 (Nashville, September 30, 1997). This issue is without merit.

B. Sufficiency of the Evidence

The appellant also contends that the evidence produced against him at the probation revocation hearing was insufficient to warrant the revocation of his probation. Specifically, the appellant complains that "the State did not offer evidence to suggest that appellant was on probation at the time of the alleged drug transaction. Neither did the State offer evidence as to the particular term of probation that appellant was alleged to have violated."

Prior to the calling of witnesses, the trial court specifically noted the case number, the nature of the appellant's conviction, and the sentences imposed, concluding that the appellant was serving probated sentences, the conditions of which he was currently accused of violating. In essence, the trial court was taking judicial notice of the record before it in connection with the appellant's case.[1] Tenn. R. Evid. 201(b)(2); see also Pruitt v. State, 460 S.W.2d 385, 395 (Tenn. Crim. App. 1970). During the hearing, the appellant did not dispute the accuracy of the court's recitation regarding the conviction and will not now be allowed to do so before this court. See State v. Nunley, 22 S.W.3d 282, 288 (Tenn. Crim. App. 1999). Additionally, the appellant's complaint that the State failed to "offer evidence as to the particular [condition] of probation that appellant was alleged to have violated" is simply not plausible. The probation revocation warrant clearly reflects that the appellant failed to comply with the laws of the United States and the State of Tennessee during the term of his probationary sentence. Moreover, even without the State explicitly providing the probation agreement to the court, it is axiomatic that "compliance with our state laws is an

---

[1] The record before us clearly reflects that the appellant was still on probation at the time of the violation.

-4-

automatic condition of a suspended sentence." State v. Stubblefield, 953 S.W.2d 223, 225 (Tenn. Crim. App. 1997); see also Tenn. Code Ann. § 40-35-311(a).

As we earlier noted, a probation violation need only be proven by a preponderance of the evidence. At the revocation hearing, Spencer testified that the appellant sold him cocaine. The trial court accredited this testimony, finding that the appellant was on probation at the time he "engaged in an illegal transaction of Schedule II substance." This issue is likewise without merit.

### III. Conclusion
Based upon the foregoing, we affirm the judgment of the trial court.

_____
NORMA McGEE OGLE, JUDGE

-5-