IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs May 3, 2016

STATE OF TENNESSEE v. NORMAN MCDOWELL

Appeal from the Criminal Court for Shelby County
No. 13-01115      Chris Craft, Judge
_____

No. W2015-01762-CCA-R3-CD  -  Filed August 2, 2016
_____

The defendant, Norman McDowell, was sentenced to twenty years in confinement by the trial court for the merged convictions of aggravated rape and rape. On appeal, the defendant argues that the trial court improperly enhanced his aggravated rape sentence from the minimum fifteen years to twenty years in violation of the purposes and principles of the Tennessee Criminal Sentencing Reform Act. Following our review of the briefs, the record, and the applicable law, we affirm the twenty year sentence.

Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed

J. ROSS DYER, J., delivered the opinion of the Court, in which ALAN E. GLENN and CAMILLE R. MCMULLEN, JJ., joined.

Stephen C. Bush, Shelby County Public Defender, Harry E. Sayle, III, Assistant Shelby County Public Defender (on appeal); and Trent Hall, Assistant Shelby County Public Defender (at trial), for the appellant, Norman McDowell.

Herbert H. Slatery III, Attorney General and Reporter; Zachary T. Hinkle, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Chris Lareau, Assistant District Attorney General, for the appellee, State of Tennessee.

OPINION

FACTS

This case involves a series of crimes committed by the defendant over the course of two days. On May 9, 2010, the defendant robbed James Hall at gunpoint. The next day,

the defendant raped Mr. Hall's niece, B.H.[1], while pointing a gun to her neck. At trial, a Shelby County jury convicted the defendant of aggravated robbery, aggravated rape using force or coercion, aggravated rape causing bodily injury, and aggravated statutory rape.

The trial court sentenced the defendant to ten years for aggravated robbery, a Class B felony, and seven years for aggravated statutory rape, a Class D felony. Tenn. Code Ann. §§ 39-13-402(b), -506(d)(3). The trial court merged the two aggravated rape convictions, both Class A felonies, and imposed a twenty-two year sentence. Tenn. Code Ann. § 39-13-502(b). The trial court ordered all of the defendant's sentences to run concurrently. *State v. McDowell*, No. W2014-00301-CCA-R3CD, 2015 WL 554873, at *3 (Tenn. Crim. App. Feb. 10, 2015).

On direct appeal, this Court examined the sufficiency of the evidence as to the aggravated robbery conviction and the merged aggravated rape convictions. The Court properly addressed the sufficiency of the evidence as to each aggravated rape conviction separately, despite the merger. *See State v. Jose Lemanuel Hall*, No. M2013-02090-CCA-R3-CD, 2014 WL 4384318, at *12 (Tenn. Crim. App. Sept. 5, 2014) (citation omitted). In doing so, the Court outlined the following underlying facts:

> The State's first witness was James Hall, a fifty-year-old man who managed utility, gas line, and pipeline crews. Mr. Hall testified that in the early morning hours of May 9, 2010, he was at his mother's house in Shelby County. He stated that he was going to take his mother to gamble at some casinos for Mother's Day. Mr. Hall went outside, sat in the passenger seat of the car, and "laid back." He felt someone pull his legs out of the car. Mr. Hall looked up and saw appellant, who demanded that Mr. Hall give him money. Appellant had a gun in his hand, and when Mr. Hall reached for the weapon, appellant quickly pulled the gun back, breaking Mr. Hall's finger. Another man was standing behind appellant, and appellant handed the gun to the second perpetrator while appellant searched Mr. Hall's person, discovering Mr. Hall's wallet in his back pocket. Appellant removed $1200 from Mr. Hall's wallet and took his cellular telephone. Mr. Hall explained that he could see appellant's face because the car's interior light was on when appellant leaned inside the car to search him. After the two men ran away, Mr. Hall went back into his mother's home to summon help. Mr. Hall's mother, step-father, and two nieces were inside the home. Mr. Hall called 9-1-1 and provided the responding officers with a

---

[1] It is the policy of this Court to refer to victims of sexual abuse by their initials.

statement. Mr. Hall testified that the following day, he went back to his mother's home and that Mr. Hall's cousins told him that he had been set up for the robbery by his niece, B.H., who had been inside his mother's house on the night of the robbery. Mr. Hall called the investigating detective to inform him of the new information. Mr. Hall identified appellant in photographic lineups on May 16 and 29, 2010, and identified him in the courtroom on the day of trial. Mr. Hall admitted that "it took [him] awhile" to identify appellant from the photographic lineup on May 16.

During cross-examination, Mr. Hall stated that during the incident, he could not see the second perpetrator clearly because the second man was standing at the back of the car on the passenger side.

B.H., Mr. Hall's niece, testified next that she was fourteen years old at the time of this incident, that she was born on May 23, 1995, and that she was staying with her grandmother while her mother was at work. B.H. admitted that she knew about the robbery before it occurred from overhearing two of her relatives talking about it but that she did not tell anyone. B.H. was inside her grandmother's home when her uncle was robbed. The day after the robbery, appellant, whom she identified as "Pooh-Pooh," told B.H. to come get her share of the money from the robbery. B.H. went to a nearby house where appellant was located and went into a back bedroom to retrieve her money. Appellant gave B.H. forty dollars, pushed B.H. on a bed facedown, told her to remain silent, held a gun to the back, right-hand side of B.H.'s neck, and vaginally penetrated her. B.H. explained that she could feel the gun on her neck and that the encounter lasted between five to ten minutes. B.H. explained that after the incident, she went home, showered, and cried. When asked if she had any injuries as a result of the sexual attack, B.H. responded, "No, sir, just throbbing inside." On May 14, 2010, B.H. told police officers about the robbery and identified appellant as one of the perpetrators. B.H. admitted that she was charged as an accessory after the fact and was prosecuted in juvenile court. On May 18, 2010, police officers came to her home and asked if she and appellant had previously had sex, and B.H. told the officers that she had been raped. B.H. asserted that she did not tell anyone about the rape prior to May 18 because she did not want to "keep on thinking about him and talking about him" and because she did not tell other people her secrets.

During cross-examination, B.H. stated that she had previously dated appellant's brother and that she had given appellant her cellular telephone

number a couple of days prior to the robbery. B.H. asserted that the forty dollars that appellant gave her prior to their sexual encounter was to remain silent about the robbery and represented her proceeds from the robbery. B.H. denied that the money was for sex. B.H. stated that the two family members who told her about the robbery were Mr. Hall's daughter and the mother of one of her relatives. She stated that those two women set up the robbery and that the two women asked appellant to commit the robbery. B.H. stated that after she was adjudicated delinquent for being an accessory to the robbery, she was placed in a youth detention facility for nine months. During redirect examination, B.H. stated that appellant's younger brother was nineteen when she dated him.

Joseph Pearlman, a lieutenant with the Memphis Police Department, testified that on May 16, 2010, he interviewed appellant. At the interview, appellant waived his Miranda rights and, when providing his biographical information, stated that he was born on September 9, 1974. During the interview, appellant denied participating in the robbery but told the officers that he and B.H. had engaged in sexual relations in the past. However, appellant refused to give a written statement after he told the officers this information. During cross-examination, Lieutenant Pearlman agreed that appellant claimed that he did not know B.H.'s age when he had sex with her.

Juaquatta Harris, an officer with the Shelby County Sheriff's Department, testified that she was responsible for monitoring inmates' telephone calls. Through Officer Harris, the State introduced recorded telephone calls that appellant had made while he was incarcerated.

A jury convicted appellant as charged—two counts of aggravated rape, one count of aggravated robbery, and one count of aggravated statutory rape. The trial court merged appellant's two aggravated rape convictions; therefore, appellant stands convicted of aggravated rape, aggravated robbery, and aggravated statutory rape. The trial court sentenced appellant to twenty-two years for the aggravated rape conviction, ten years for the aggravated robbery conviction, and seven years for the aggravated statutory rape conviction. The trial court ordered that all sentences be served concurrently for a total effective sentence of twenty-two years in confinement.

*McDowell*, No. W2014-00301-CCA-R3CD, 2015 WL 554873, at *1-3 (footnote omitted).

Upon direct appellate review, this Court affirmed the aggravated robbery conviction and the aggravated rape using force or coercion conviction. *Id.* at *4. Finding insufficient evidence that B.H. suffered bodily injury from the rape, this Court reduced the aggravated rape causing bodily injury conviction to a class (B) rape conviction and explained as follows:

> As a result, we now reduce appellant's aggravated rape [causing bodily injury] conviction in Count Three to a rape conviction. *See State v. Lamar Ross,* No. W2003–02823–CCA–R3–CD, 2004 WL 2715348, at *7 (Tenn. Crim. App. Nov. 22, 2004) (reducing an aggravated rape conviction to rape when the indictment only alleged rape rather than aggravated rape); *State v. Tutton,* 875 S.W.2d 295, 298 (Tenn. Crim. App. 1993) (reducing an aggravated rape conviction to rape when there was insufficient evidence to prove the aggravating circumstance). However, because the trial court merged appellant's aggravated rape convictions in Counts Two and Three and because there was sufficient evidence to support the aggravated rape [using force or coercion] conviction in Count Two, this modification does not affect appellant's standing conviction for aggravated rape. "In the circumstance, in which two guilty verdicts are returned as to alternative charges, the guilty verdict on the greater charge stands and the guilty verdict on the lesser charge merges into the greater charge." *State v. Banes,* 874 S.W.2d 73, 81 (Tenn. Crim. App. 1993) (citing *State v. Davis,* 613 S.W.2d 218 (Tenn. 1981)); *see Lamar Ross,* 2004 WL 2715348, at *7 (citation omitted). "The judge should enter a judgment of conviction on the greater offense and a judgment merging the lesser offense into the greater." *Banes,* 874 S.W.2d at 81. Therefore, the Count Three rape conviction merges into the Count Two aggravated rape conviction. However, because the trial court did not sentence appellant on the Count Two aggravated rape conviction and only sentenced appellant on the Count Three conviction, which we now reduce to a lesser offense, we remand this case to the trial court for a new sentencing hearing regarding the merged offenses for aggravated rape in Count Two.

*Id.* at *6.

Upon proper remand, the trial court held a sentencing hearing on the standing aggravated rape conviction. Tenn. Code Ann. § 40-35-401(c)(3). Neither the defendant, nor the State presented additional evidence at the hearing. Rather, the trial court relied on the evidence established at the initial hearing. The court sentenced the defendant as a violent offender to twenty years in the Department of Correction at one hundred percent release eligibility. This appeal followed.

## ANALYSIS

On appeal, the defendant argues the trial court improperly enhanced his sentence for aggravated rape from the minimum fifteen year sentence to a twenty year sentence in violation of the purposes and principles of sentencing. The State argues the twenty year sentence is within range and complies with the purposes and principles of sentencing. We find the defendant failed to establish that the twenty year, within-range sentence is improper. Accordingly, we affirm the sentence.

It is well settled that this Court reviews within-range sentences imposed by the trial court under an abuse of discretion standard with a presumption of reasonableness. *State v. Bise*, 380 S.W. 3d 682, 707 (Tenn. 2012). The party appealing a sentence bears the burden of establishing that the sentence was improper. Tenn. Code Ann. § 40–35–401, Sentencing Comm'n Cmts. A defendant is not entitled to the minimum sentence within the applicable sentencing range. *See State v. Carter*, 254 S.W.3d 335, 343 (Tenn. 2008). Rather, once the trial court determines the sentencing range, it "is free to select any sentence within the applicable range." Tenn. Code Ann. § 40–35–210 (a), (d); *Carter*, 254 S.W.3d at 343.

In order to comply with the Sentencing Act, the trial court must state on the record the statutory factors it considered and the reasons for the ordered sentence. Tenn. Code Ann. § 40–35–210(e); *Bise,* 380 S.W.3d at 705-06. "Mere inadequacy in the articulation of the reasons for imposing a particular sentence, however, should not negate the presumption [of reasonableness]." *Bise,* 380 S.W.3d at 705-06. Thus, a sentence imposed by a trial court "should be upheld so long as it is within the appropriate range and the record demonstrates that the sentence is otherwise in compliance with the purposes and principles listed by statute." *Bise*, 380 S.W. 3d at 709-10.

At the initial sentencing hearing, the trial court determined the statutory range for aggravated rape to be fifteen to twenty-five years. Tenn. Code Ann. § 40–35–112 (a)(1). Upon setting the range, the trial court determined it would impose a twenty year sentence for the aggravated rape using force or coercion conviction. The trial court addressed on

-6-

the record its reasoning and the applicable enhancement factors as required under the Sentencing Act. Tenn. Code Ann. § 40–35–210(e); *Bise,* 380 S.W.3d at 705-06.

On remand, the trial court properly relied on its findings from the initial sentencing hearing. *See Pruitt v. State*, 460 S.W.2d 385, 395 (Tenn. Crim. App. 1970) ("The rule has long since been firmly established in this State that a Court may take judicial knowledge of facts which it has learned in an earlier hearing of the same case and of what it has done at a previous hearing of that case.").[2] Neither the State, nor the defendant offered any additional proof. Based on its initial findings, the trial court sentenced the defendant to twenty years as a one hundred percent violent offender for the standing aggravated rape conviction.

On appeal, the defendant offers no evidence that the twenty year sentence violated the purposes and principles of the Sentencing Act. Tenn. Code Ann. § 40-35-103. Instead, the defendant recites facts that were previously addressed by the trial court at the initial sentencing hearing, including: his criminal history consisting "primarily of misdemeanors," the unclean hands of the victim, the victim's delay in reporting the rape, and the lack of physical evidence of the rape. The trial court properly considered these facts at the initial sentencing hearing. Thus, the defendant's recitation of these previously addressed facts does not overcome the presumption of reasonableness afforded to the trial court's within-range, twenty year sentence. *Bise*, 380 S.W. 3d at 707.

The defendant also argues the trial court did not properly consider applicable statistical information regarding sentencing practices for similar offenses in violation of T.C.A. § 40–35–210(b)(6). At the initial hearing, the trial court thoroughly addressed on the record the enhancement and mitigating factors it considered, thus complying with the purposes and principles of sentencing. *Bise,* 380 S.W.3d at 706; *see Pruitt v. State*, 460 S.W.2d at 395. Any omission of the trial court's consideration, or lack thereof, of applicable statistical information does not overcome the presumption of reasonableness afforded the trial court's within-range sentence. *Id.* at 705-06.

The defendant has failed to show that the trial court abused its discretion in enhancing his sentence for aggravated rape from fifteen years to twenty years. Tenn. Code Ann. § 40–35–401, Sentencing Comm'n Cmts. The trial court's sentence falls within the statutory range for the defendant's standing aggravated rape conviction. The trial court properly relied on its findings of fact from the initial sentencing hearing. *See Pruitt*, 460 S.W.2d at 395. Furthermore, the defendant is not entitled to a minimum

---

[2] Accordingly, this Court also relies on the facts established at the initial sentencing hearing. *Id.*

sentence under the Sentencing Act. Tenn. Code Ann. § 40–35–210 (a); s*ee Carter*, 254 S.W.3d at 343. Accordingly, we conclude the trial court did not abuse its discretion in sentencing the defendant to twenty years in confinement for the standing aggravated rape conviction.

## CONCLUSION

Based on the foregoing authorities and reasoning, we affirm the judgments of the trial court.

_____
J. ROSS DYER, JUDGE